In the Matter of the Application of THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellant, Relative to Acquiring Title to East One Hundred and Sixty-eighth Street; JAMES A. DEERING et al., Respondents.

CONSTITUTIONAL LAW — ACQUIRING FEE IN DISCONTINUED STREETS. The provisions of chapter 1006 of the Laws of 1895, pertaining to the acquiring of the fee and easements in discontinued streets and avenues, are incidental and necessary to the public purpose of the act, namely, the laying out and opening of the streets and avenues of a city according to a plan adopted, and hence are within the constitutional powers of the legislature.

*Matter of The Mayor,* 28 App. Div. 143, affirmed.

(Argued November 21, 1898; decided December 16, 1898.)

APPEAL, by permission, by the city of New York from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 22, 1898, affirming an

order of the Special Term directing the commissioners of esti-
mate and assessment, heretofore appointed in this proceeding,
to acquire title to the lands required for the opening of One
Hundred and Sixty-eighth street.

The questions certified for review are as follows:

"*First.* Was the effect of chapter 1006 of the Laws of
1895, taken in connection with the action taken by the com-
missioner of street improvements of the twenty-third and
twenty-fourth wards of the city of New York and the board
of street opening and improvement of said city, to discontinue
and close that part of Gerard avenue in the twenty-third ward
of the city of New York, abutting on the respondents' lands
between One Hundred and Sixty-eighth and One Hundred
Sixty-ninth streets, and between the easterly line of said ave-
nue laid out by the department of public parks, so as to
extinguish the easements of the respondents therein?

"*Second.* Upon the discontinuance and closing of the por-
tion of Gerard avenue referred to in the first question, did the
title to the fee of the land in the said Gerard avenue, between
the westerly boundary of the respondents' premises, to wit:
The former westerly line of said avenue, and the new easterly
line of Gerard avenue, as laid out by the commissioner of
street improvements of the twenty-third and twenty-fourth
wards and the board of street opening and improvement of
said city as aforesaid, upon the map filed by them November
2, 1895, become vested in the mayor, aldermen and commonalty
of the city of New York free and discharged of all easements
in favor of the respondents as owners of the property abutting
thereon?

"*Third.* Are the respondents entitled, under the act chap-
ter 1006 of the Laws of 1895, to compensation for such loss
and damage as they have sustained by reason of the discontinu-
ance and closing of the said portion of Gerard avenue in front
of said premises referred to in the first question and the
extinguishment of their easements therein?

"*Fourth.* Can the commissioners of estimate and assess-
ment appointed to appraise the loss and damage sustained by

the respondents by reason of the closing of that portion of Gerard avenue stated in the first question and the extinguishment of their easements therein as aforesaid, lawfully assess such damages upon such lands and premises as they shall deem to be benefited by the closing of said Gerard avenue?"

*Theodore Connoly, John P. Dunn* and *John Whalen* for appellant. Chapter 1006, Laws of 1895, is unconstitutional in that it authorizes the taking of private property for a private purpose. (*Holloway* v. *Southmayd*, 139 N. Y. 390; *Matter of One Hundred and Sixteenth St.*, 1 App. Div. 436; *Story* v. *N. Y. E. R. R. Co.*, 90 N. Y. 122; *Lahr* v. *M. E. R. Co.*, 104 N. Y. 268; *Kane* v. *N. Y. E. R. R. Co.*, 125 N. Y. 164; *Matter of Adams*, 141 N. Y. 297; *Bissell* v. *N. Y. C. R. R. Co.*, 23 N. Y. 61; *Flack* v. *Vil. of Green Island*, 122 N. Y. 114; *Matter Vil. of Olean* v. *Steyner*, 135 N. Y. 341; *Matter of City of Brooklyn*, 73 N. Y. 179; *Bridges* v. *Wyckoff*, 67 N. Y. 130.)

*James A. Deering* for respondents. The act of 1895 is constitutional. It is valid as an exercise of the power of eminent domain. It is valid as an exercise of the public police power. (*Grant* v. *Custer*, 24 Barb. 232; *Arnold* v. *H. R. R. R. Co.*, 55 N. Y. 661; *Bridge Co.* v. *U. S.*, 105 U. S. 502; *Abendroth* v. *M. R. Co.*, 19 Abb. N. C. 247; *Morgan* v. *King*, 35 N. Y. 454; *Lahr* v. *M. E. R. Co.*, 104 N. Y. 268; *Eagle* v. *Charing Cross R. Co.*, L. R. [2 C. P.] 638; *Langdon* v. *Mayor, etc.*, 133 N. Y. 628; *Jerome* v. *Ross*, 7 Johns. Ch. 315; *Wheelock* v. *Young*, 4 Wend. 647; *Calking* v. *Baldwin*, 4 Wend. 667; *Bloodgood* v. *M. & H. R. R. Co.*, 18 Wend. 917; *People* v. *Hayden*, 6 Hill, 359.) The provisions of the act of 1895, relative to the adjustment and payment of compensation to the owners of easements taken and extinguished for the purposes of the act, are adequate and sufficient to meet the constitutional requirements as to "just compensation" for property taken for public use. (L. 1895, ch. 1006, §§ 4, 6, 7, 8, 11, 12, 14; L. 1885, ch. 173, amd. L. 1895, ch. 684; *Matter of Mayor, etc.*, 99 N. Y.

569.) The method prescribed by the act of 1895, for the payment of compensation to the owners of easements in closed streets extinguished or taken, is not open to any constitutional objection. (*People ex rel.* v. *Flagg*, 46 N. Y. 401; *Weismer* v. *Vil. of Douglas*, 64 N. Y. 91; *Brewster* v. *City of Syracuse*, 19 N. Y. 116; *People ex rel.* v. *Dayton*, 55 N. Y. 367; *Astor* v. *Mayor, etc.*, 62 N. Y. 567; *People ex rel.* v. *Kelly*, 76 N. Y. 475; *Matter of Woolsey*, 95 N. Y. 135; *Philadelphia* v. *Field*, 58 Penn. St. 320; *Guilder* v. *Otsego*, 20 Minn. 74; *Blanding* v. *Burr*, 13 Cal. 343; *New Orleans* v. *Clark*, 95 U. S. 644; *Carter* v. *Bridge Props.*, 104 Mass. 236; *North Mo. R. R. Co.* v. *Maguire*, 49 Mo. 490.)

HAIGHT, J. We think that the provisions of chapter 1006 of the Laws of 1895 are within the constitutional powers of the legislature, and that the order in this case should be affirmed. It is doubtless true that some of the provisions of the act pertaining to the acquiring of the fee and easements in discontinued streets, if they stood alone, might be construed as authorizing the taking of property for a private use, but when these provisions are considered in connection with the other provisions of the act, we find that they all aim at one object, and that is the laying out and opening of the streets and avenues of a city according to a plan adopted. Confessedly, this is for a public purpose, and we think that the acquiring of the fee and easements in the old roadways which are discontinued should be treated as incident and necessary to carry out the public improvement authorized by the provisions of the act.

We have not thought it necessary to enter upon a discussion of this question, for the reason that the very able opinion written below, in which we fully concur, covers all the points involved.

The order appealed from should be affirmed, with costs, and the questions certified answered in the affirmative.

All concur, except GRAY, J., absent.

Order affirmed.