attorney by the plaintiff's assignor to foreclose the mortgage, and her subsequent direction to him to discontinue the proceedings, are supported by no proof sufficiently definite in point of time to be of avail to the plaintiff, and it seems to be established that the piano was rented rather than purchased by the plaintiff's assignor. The allegations to which the plaintiff's proof was directed were unproved in their entire scope and meaning, and there is therefore a failure of proof that requires a reversal of the judgment. The judgment should be reversed, and a new trial ordered.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event. All concur.

---

(87 App. Div. 177.)

### In re MAYOR, ETC., OF NEW YORK.

(Supreme Court, Appellate Division, First Department. October 16, 1903.)

1. MUNICIPAL CORPORATIONS—OPENING STREETS—CLOSING STREETS—CONSOLIDA-
   TION OF PROCEEDINGS—REPORTS OF COMMISSIONERS OF ESTIMATE AND AS-
   SESSMENT.
      Proceedings to acquire land for a street and proceedings for the discontinuance of a street being separate and distinct proceedings, the commissioners of estimate and assessment, appointed in proceedings to acquire land for a street, who, under Laws 1895, p. 2051, c. 1006, § 14, authorizing the consolidation of the proceedings, were directed to determine the compensation that should be paid to property owners in consequence of the discontinuance of a street running at right angles to the street proposed to be laid out, must make separate reports—one in the proceedings to acquire land, and another of their estimate of the damage sustained in consequence of the closing of the street.
      Laughlin, J., dissenting.

Appeal from Special Term, New York County.

In the matter of the application of the mayor, aldermen, and commonalty of the city of New York relative to acquiring title to lands necessary to open East 168th street, in the city of New York. From an order confirming the report of the commissioners of estimate and apportionment, and directing the commissioners to make a separate report of their estimate and assessment as to the damage sustained by owners of property in consequence of the closing of Gerard avenue, in the city of New York, certain property owners appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Joel J. Squier, for appellants.
John P. Dunn, for respondent.

INGRAHAM, J. This is a proceeding instituted by the mayor, aldermen, and commonalty of the city of New York to acquire title to lands necessary to open East 168th street, in the Twenty-Third Ward of the city of New York. The proceeding was commenced in the year 1896, and on the 8th day of October, 1896, commissioners of estimate and assessment were appointed by the Supreme Court. The commissioners duly qualified, and while engaged in the performance of their duties, on the 15th day of April, 1897, the appellants pre-

sented a petition to the Supreme Court which alleged that the appellants Deering and Brown were the owners of a piece of property abutting on 168th street, a portion of which was taken for the opening of the street; that their property also abutted on Gerard avenue, running at right angles to 168th street, and the appellant Strouse was the owner of property abutting upon Gerard avenue, north of 168th street; that Gerard avenue had been duly laid out and established as a public street, and the title thereto acquired by the city of New York; that upon the map or plan of that portion of the city adopted June 1, 1894, the lines of Gerard avenue as formerly laid out have been altered or changed, and a portion of Gerard avenue closed, so that the petitioners' premises have lost their frontage upon said Gerard avenue; that damage and loss resulted to the petitioners as a result of this closing of a portion of Gerard avenue; and therefore the petitioners ask that an order be entered, under and pursuant to section 14 of chapter 1006, p. 2051, of the Laws of 1895, directing the commissioners of estimate and assessment to ascertain and determine the compensation that should be paid to the petitioners in consequence of the discontinuance and closing of said Gerard avenue between 168th and 169th streets, and that the said commissioners further and separately appraise and report the value of the right, title, and interest of the city of New York in and to the fee of the land remaining in said Gerard avenue, discontinued and closed in front of the petitioners' said premises, over and above such sum as they may assess for benefit on such parcel of land, as provided by section 6 of chapter 1006, p. 2042, of the Laws of 1895. Upon the presentation of this petition, an order of the Special Term was entered on the 30th of April, 1897, by which the commissioners of estimate and assessment were authorized and directed to ascertain and determine the compensation to which the petitioners were entitled in consequence of the discontinuance and closing of a portion of Gerard avenue; and the said commissioners were also directed to further and separately appraise and report the value of the right, title, and interest of the city of New York in and to the fee of the land on Gerard avenue discontinued and closed in front of the petitioners' land. Pursuant to this order the commissioners of estimate and assessment in this proceeding took the testimony offered by the petitioners in support of their claim for the damages sustained by them in consequence of the closing of Gerard avenue, and also as to the value of land belonging to the city of New York within the portion thereof closed. Testimony was also submitted by the city of New York. Subsequently, on the 12th day of December, 1901, the commissioners filed their preliminary abstract of estimates of awards and assessments for the opening of 168th street, but such abstract contained no estimate by the commissioners of the loss and damage sustained by the petitioners by reason of the closing of Gerard avenue, or of the value of the lands remaining in the closed portion of said Gerard avenue. Subsequently the petitioners presented to the commissioners objections to the preliminary report, based upon the failure of the commissioners to include therein the damages to which the petitioners would be entitled in consequence of the closing of the portion of Gerard avenue in front of their premises, and

also the refusal to report the value of the land remaining in said Gerard avenue discontinued and closed in front of the appellants' premises. Notwithstanding this objection the commissioners made their final report, without including the estimate of the damage sustained by these appellants, which report was, upon motion of the corporation counsel, despite the opposition of the petitioners, duly confirmed by the Supreme Court; and from that order the petitioners appeal.

The appellants insist that the commissioners were bound to include in one report their estimate of damage and benefit allowed for the acquisition of the property required for the benefit of 168th street, and the estimate of the damage sustained by the appellants in consequence of the closing of a portion of Gerard avenue. The counsel for the corporation insist that, as these were separate proceedings, instituted under separate statutes, the commissioners properly refused to include both in one report. This question does not seem to have been presented in any case that has been reported. These two proceedings have no particular relation to each other. One of the appellants has no relation or interest in the opening of 168th street, as no property of his is taken for that purpose, and the property for which he claims to be entitled to damage does not abut upon that street. The amount of the award to the appellants has no relation to the opening of 168th street. The amount, if any, to which they are entitled in consequence of the closing of Gerard avenue is not at all dependent upon the action of the commissioners in relation to 168th street. Any assessment that would be imposed by the commissioners for the damages allowed to the appellants would necessarily be based upon an entirely different principle from that applied for the acquisition of property for the opening of 168th street. The two proceedings are based upon different statutes, and have no possible relation to each other. They are only connected by the fact that Gerard avenue runs at right angles to 168th street, and the property of one of the appellants abuts upon both streets. It would seem to be essential for the protection of the owners of property upon whom an assessment may be imposed for the opening of 168th street, and the owners of property upon which an assessment for the damages caused by the closing of a portion of Gerard avenue, that the awards and assessments should be separately stated, so that those persons who have to pay for these two separate and distinct assessments could ascertain the amount of the particular awards, and the principle upon which their property was assessed. There seems to be no reason why such distinct proceedings should necessarily be included in one report. So far as the acquisition of property for the opening of 168th street is concerned, the owners of the property taken are entitled to its value, and the property benefited by the opening of the street is required to pay the cost to the city of acquiring such property. The proceedings under which the city of New York acquires the title to the street are regulated by the Revised Acts of 1813 (2 Rev. Laws 1813, p. 342), the provisions of which have been continued and are in force as part of the present charter of the city of New York. Upon the closing of a public street, however, prior to the enactment of the

act of 1818, to which I will call attention, the owners of abutting property had no right to an award for the damages sustained by the closing or discontinuing of a street or avenue. The distinction between these two proceedings is illustrated by the opinion of Mr. Justice Patterson on an appeal from the order authorizing the commissioners in this proceeding to take proof of the damage sustained by the discontinuance of Gerard avenue. In re Mayor, etc., of City of New York, 28 App. Div. 143, 52 N. Y. Supp. 588. It is there said:

"Closing a street is the reverse of opening one. In the latter case private property is taken for the plain public use. * * * On closing a street the public right in the street ceases, and the title to and ownership of the fee of the land within the lines of the street, subject to any private easement therein, become vested in the grantor or his heirs if the street were dedicated, or in the city if the land were taken by condemnation proceedings."

The whole object, therefore, of a proceeding to determine the value of the portion of Gerard avenue that was closed, is to determine what amount the abutting owners should pay to the city of New York to acquire title to the land in front of their property, and what sum should be paid to the abutting owners for the damage caused by closing the street; and that certainly has no possible relation to the proceedings to acquire title to the land necessary to open 168th street.

By chapter 213, p. 201, of the Laws of 1818, provision was first made for the payment to owners of property abutting on a public street, which had been closed or discontinued, of damages sustained by such abutting property in consequence of the discontinuance of the street. Section 1 of that act provides that it shall be lawful for the mayor, aldermen, and commonalty of the city of New York to apply to the Supreme Court for the appointment of commissioners to make a just and true estimate of the loss and damage to the respective owners, lessees, parties, and persons respectively entitled unto or interested in any lands, tenements, hereditaments, or premises, by or in consequence of closing any road, street, lane, or alley, or any part of said road, and converting the same to the use of the said mayor, and report thereon to the said Supreme Court. Section 3 provides that the mayor, aldermen, and commonalty of the city of New York shall, within four months after the confirmation by the court of the report of the commissioners in the premises, pay to the respective persons and parties mentioned or referred to in said report, in whose favor any sum or sums of money shall be estimated and reported by the said commissioners, the respective sum or sums so estimated and reported in their favor, respectively. By section 8 it was provided that whenever the mayor, aldermen, and commonalty of the city of New York shall be desirous to open, lay out, or form any street or public place, or to extend, enlarge, straighten, alter, or otherwise improve any street or public place, which shall be contiguous to, or in the neighborhood of, any lot of ground fronting on any street or part of the street which they may pray to have closed, then it shall be lawful for them to unite, in such application as aforesaid, an application to the said court to open, lay out, and form any such street or public place, in pursuance of the provisions of the act of 1813. Section 9 provided that, when an application to close and to open or extend any street or

avenue shall be united in the same application, it shall be the duty of the said commissioners to receive and to make a just and equitable estimate and assessment of the loss and damage, if any, over and above the benefit and advantage, or of the benefit and advantage, if any, over and above the loss and damage, as the case may be, to the respective owners or lessees respectively entitled unto or interested in the lands, tenements, and hereditaments fronting on any road or street, which application may be made to close as aforesaid, by and in consequence of closing any such road, or opening, extending, enlarging, straightening, or altering any such street or public place. Section 10 of the act provided that, when application shall be joined as aforesaid, it shall be the duty of the commissioners to deduct from the amount of the damages which may be sustained by and in consequence of the opening, laying out, and forming any street, public place, or otherwise improving any street or public place, the amount which the road may be worth, if any, over and above the sum which the said mayor may be required to pay for the same as aforesaid, and to assess that sum upon the said mayor, or, if the sum which they shall be required to pay for the same shall exceed the value of the same, then it shall be the duty of the said commissioners to award to the said mayor the amount of such deficiency, and to assess the same upon the property of those which may be benefited as aforesaid.

There was here prescribed two methods of ascertaining the loss to abutting owners by the closing of a street. The municipality was entitled to apply to the Supreme Court for commissioners to appraise the value of the easement of the abutting owners in the street closed, and were then required to pay the amount awarded to such owners. Where, however, the municipality united in one proceeding an application to close a street and to open an adjoining street, then one report was contemplated, in which all questions as between the abutting owners and the city were to be finally disposed of. And these provisions of the act of 1818 were continued in consolidation act (Laws 1882, p. 283, c. 410) § 1010. But this provision as to one proceeding related only to a proceeding where the municipality applied in one proceeding to close one street and open another, and did not relate to a case where a street had been closed or discontinued by law prior to the time of the application for the appointment of commissioners.

Prior to the passage of the act of 1895 (Laws 1895, p. 2037, c. 1006), under which this application is made, many streets and avenues in the city of New York had been discontinued, or were inconsistent with the plans of the city of New York which had been adopted by the municipal authorities. By chapter 1006, p. 2037, of the Laws of that year, provision is made for closing streets and avenues that were inconsistent with the plans of the city as finally adopted. Section 2 of that act provides that after the final adoption of the map of the city of New York the streets shown thereon should be the only lawful streets or avenues in the city, and all other former streets or avenues not shown thereon should cease to be or remain, for any purpose whatever, public streets or avenues. The act also authorizes the public authorities to discontinue or close any street or avenue laid out upon such general plan, and provision is then made for ascer-

taining the damage sustained by any property abutting on such street or avenue so closed; and upon such application the court is required to appoint commissioners of estimate and assessment for the purpose of performing the duties prescribed by sections 4 and 5 of the act. Section 6 prescribes the proceeding for the appointment of such commissioners. That section contemplates the appointment of independent commissioners, and a report in relation to the damage caused by the closing of any street or avenue, and that the damages which may be allowed by said commissioners, and all expenses incurred in the proceeding to ascertain such damage, shall be assessed by the commissioners upon the property benefited thereby, to the extent of the benefit so received, in the same manner as assessments for acquiring land for streets or avenues in such city are assessed as provided by existing laws relating thereto. Provision is made for the payment by the city of New York to the persons in whose favor awards are made. Section 14 of the act provides that whenever, as often as the local authorities shall institute proceedings to open any street or avenue laid out upon the general or permanent map or plan of such city, or district thereof, which shall be contiguous to or in the neighborhood of any lot or parcel of ground fronting on any street or avenue which they have discontinued and closed, and proceedings have not been had or completed to ascertain the damage caused by such discontinuance or closing, the court which shall appoint or has appointed commissioners of estimate and assessment in respect to such opening may at any time, upon the application of the chief law officer or counsel to the corporation of such city, or of any party or person interested in the land fronting upon the street or avenue so discontinued and closed, order and provide, if it should appear to the said court to be expedient and proper, that the same commissioners of appraisal or of estimate and assessment shall ascertain and determine the compensation which should justly be made for any loss and damage to the respective owners, lessees, parties, and persons respectively entitled in possession, reversion, or remainder unto, in, and to, or included in, any lands or interests taken, affected or damaged by and in consequence of the discontinuance and closing of the said street or avenue; and the said commissioners of appraisal or of estimate and assessment shall thereupon make such estimate accordingly, and the proceedings to ascertain and determine the same shall be conducted and completed in accordance with the provisions of existing laws relative to the opening of the street or avenue for which the said commissioners were appointed, "except that any parcel of land deemed to be benefited may be assessed to the extent provided for in section six of this act, and the amount awarded for and by reason of such discontinuance or closing shall be included in the amount of the expenses to be assessed upon the property benefited in said proceeding. From and after the making and filing of the order of the court instituting or consolidating said proceedings as aforesaid, no further or other proceeding shall be taken relative to ascertaining and determining the compensation which should be made for such discontinuance or closing."

It is under this provision of this section that the commissioners in this proceedng were directed to ascertain and report the amount due to these appellants for the damages sustained by them in consequence of the closing of Gerard avenue. A comparison of this act of 1895 with the act of 1818 will show that the act of 1895 was based upon the provisions of the act of 1818 and the proceeding under it. By the act of 1818 two separate proceedings were contemplated—one based solely upon the petition of the municipal authorities to discontinue a street, and one upon a joint proceeding to discontinue one street and open a street adjoining or contiguous thereto. By the act of 1895 a proceeding was authorized where a street had been discontinued by operation of law; and, where such a street had been or thereafter should be discontinued, it was made the duty of the corporation counsel to institute a proceeding to ascertain and determine the damages that had been sustained by the property abutting upon such street. This was entirely distinct from a street-opening proceeding, and had no relation to the opening of any street or avenue. Section 14 authorized the court, "if it shall appear to the said court to be expedient and proper," to appoint the same commissioners to make this estimate as were appointed to open a street or avenue contiguous to or in the neighborhood of a lot or parcel of land fronting on a street or avenue which had been discontinued and closed; but the duties imposed upon the commissioners thus designated to make such an appraisal were entirely distinct from the duties imposed upon the commissioners for the opening of the street. Thus the same commissioners were appointed to perform independent duties, and were to make a just and true estimate of the compensation that should be made for any loss or damage caused by the closing of the streets or avenues described in the petition, and also the benefit and advantage to the lands or premises benefited by such discontinuance or closing, "and to report thereon to said Supreme Court without unnecessary delay." In said report the commissioners were requested to set forth the names of the respective owners entitled to or interested in the lands to whom compensation should be made, or which should be assessed for benefit, and other details in relation to the inquiry which they were directed to make. I can find no provision of this act that requires the commissioners to delay the report in the street-opening proceeding until they have finished their investigation in the proceeding which relates to the closed and discontinued street. There would seem to be no objection to the commissioners including the separate matters in one report, if in their opinion the questions could be thus disposed of; but it is quite evident that conditions might arise which would render it improper to include in one report both subjects, and that question should be, we think, left to the discretion of the commissioners. Where the same property was affected by both proceedings, it might be practicable to include them both in one report; but, in making the assessment upon property affected by the street-opening proceeding, the commissioners are not restricted to one-half the value of the property assessed in the proceeding in relation to the closed street, as they are in a proceeding to open a street. Where there is property affected by a proceeding in relation to the closed street which is not affected

in the street-opening proceeding, as the statute contains no provision which requires the commissioners to make but one report as to both proceedings, we think the better practice is that the commissioners should make a separate report. Where they have refused to make such a report, reserving the question in relation to the closed streets for a separate report, there is no reason suggested why the street-opening report should be sent back, and the proceeding delayed until the investigation as to the closed street is finished.

We have thus come to the conclusion that the Special Term correctly refused to interfere with the report of the commissioners in relation to the opening of 168th street, and it follows that the order appealed from should be affirmed, with $10 costs and disbursements

VAN BRUNT, P. J., and PATTERSON and McLAUGHLIN, JJ., concur.

LAUGHLIN, J. (dissenting). · This was originally a proceeding for acquiring lands for opening 168th street (formerly Charles Place) from River avenue to the Concourse, and the commissioners of estimate and assessment were appointed on the 8th day of October, 1896. By an order made on the 30th day of April, 1897, upon the application of the appellants whose lands abutted on the northerly side of 168th street, the proceeding was extended, pursuant to the provisions of chapter 1006, p. 2037, of the Laws of 1895, to embrace an appraisal of the damages and an assessment of the benefits sustained by property by reason of the closing of part of Gerard avenue between 168th and 169th streets. The application for that order was opposed by the city, which took an appeal therefrom, but on appeal the order was affirmed both in this court and by the Court of Appeals. Matter of the Mayor, 28 App. Div. 143, 52 N. Y. Supp. 588; Id., 157 N. Y. 409, 52 N. E. 1126. Charles Place, as it formerly existed, was widened and laid out as 168th street, and this proceeding was originally instituted to acquire the lands not theretofore embraced in Charles Place. Gerard avenue was laid out and the title thereto acquired by the city for street purposes in 1887, and the appellants' lands also abutted on that avenue, and were assessed in that proceeding. In 1894 a map or plan of that portion of the city was adopted by the board of street openings and improvements, and the lines of Gerard avenue, as formerly laid out, were thereby altered and changed, and a portion of that avenue was closed, cutting off the frontage of the appellants thereon. It is conceded that the city owned the title, for street purposes, of that part of Gerard avenue which was closed, and the proceeding to close the same was legal, so that the part indicated as closed has ceased to be a public highway, and has become the property of the city, subject to a statutory right of the owners of the abutting property to purchase the same. The part of the avenue thus closed which abuts on 168th street lies between that street and 169th street. The commissioners on the 18th day of November, 1901, made and filed a preliminary abstract of awards for damages and assessments for benefits for the closing of Gerard avenue, and advertised the same for objections. Thereafter, and on the 12th day of December, 1901, they filed a preliminary

abstract of awards and assessments for opening 168th street, without including therein any estimate of damages or assessments for closing Gerard avenue. On the 16th day of June, 1902, the commissioners filed a final report of awards for damages and assessments for benefits for the opening of 168th street, but did not include therein either awards or assessments incident to the closing of Gerard avenue. The last-mentioned report is the only one which has been confirmed. The appellants objected to its confirmation upon the ground that only one report of awards and of assessments for benefits could be made by the commissioners, and that the practice pursued was both irregular and unauthorized, and this is their sole contention upon the appeal.

I am of opinion that the practice adopted cannot be sustained. It is unnecessary to determine at this time whether the order of the court made pursuant to the provisions of chapter 1006, p. 2037, of the Laws of 1895, extending this street-opening proceeding to embrace damages and assessments for benefits on account of the closing of Gerard avenue, is necessarily an adjudication that all property benefited by the opening of the street is benefited by the closing of the avenue, and is therefore assessable for the damages awarded on account of the latter, or whether, if this be the effect of the statute, it would be constitutional, or as to the extent to which the adjudication would be binding. The object and scope of the act of the Legislature in question were quite fully considered by this court and by the Court of Appeals on the appeal to which reference has been made. These questions do not require extended consideration now. It may be stated generally that this act authorized the closing of streets and avenues, and prescribed proceedings, independent of street-opening proceedings, for the appointment of commissioners to determine the damages sustained thereby, and for the payment of the awards by the city, and for the assessment thereof, so far as practicable, upon the lands benefited. The Legislature then provided, by section 14 of the act, that when proceedings are instituted to acquire land for opening—

"Any street, avenue, public square or place laid upon the general or permanent map or plan of such city or district thereof which shall be contiguous to or in the neighborhood of any lot or parcel of ground fronting upon any street, avenue, road, highway, alley, land or thoroughfare which they have discontinued and closed as aforesaid, and proceedings had not been had or completed to ascertain the damage caused by such discontinuance or closing, the court which shall appoint or has appointed commissioners of estimate and assessment in respect to such opening may at any time, upon the application of the chief law officer or counsel to the corporation of such city, or upon any party or person interested in the land fronting upon the street, avenue, road, highway, alley, lane or thoroughfare so discontinued or closed, order and provide, if it shall appear to the said court to be expedient and proper, that the same commissioners of appraisal or of estimate and assessment shall ascertain and determine the compensation which should justly be made for any loss and damage to the respective owners, lessees, parties and persons respectively entitled in possession, reversion or remainder unto, in and to, or included in any lands, tenements, hereditaments, premises, easements, rights or interests taken, affected or damaged by and in consequence of the discontinuance or closing of said street, avenue, road, highway, alley, lane or thoroughfare of such part or portion thereof as the said court may direct and specify in said order, and the said commissioners of appraisal or of estimate and assessment shall thereupon make such estimate accordingly, and the proceedings to ascertain and determine the same shall be conducted and completed in

accordance with the provisions of existing laws relative to the opening of the street or avenue for which the said commissioners were appointed, except that any parcel of land deemed to be benefited may be assessed to the extent provided for in section six of this act, and the amount awarded for and by reason of such discontinuance or closing shall be included in the amount of the expenses to be assessed upon the property benefited in said proceeding. From and after the making and filing of the order of the court instituting and consolidating said proceedings as aforesaid no further or other proceeding shall be taken relative to ascertaining and determining the compensation which should be made for such discontinuance or closing."

It is contended by the learned counsel for the city that the sole purpose of this section was to enable the property owners and the city to have the benefit of the knowledge and experience acquired by the commissioners in the street-opening proceeding, in making the award of damages and assessments on account of the closing of a street or avenue. This reason seems quite insufficient for such legislation, and the explanation is not satisfactory. In the first place, it will be observed that the only title of the proceeding is for a street opening, and a sound judicial discretion is vested in the court, whether or not to embrace in the opening proceeding the making of awards and assessments for closing another street or avenue. It is thus manifest that it was only intended that the two should be embraced in one proceeding when the closing of the street or avenue might well be deemed a benefit to some or all of the property affected by the street opening proceeding. Furthermore it would scarcely do to impute to the Legislature an intention to allow the judgment of the commissioners as to the damages and assessments on account of the closing of a street to be influenced by the evidence taken or knowledge acquired in the street-opening proceeding, which, according to the respondent, was the only purpose of this section. It is evident to my mind that the Legislature intended that the awards for street opening and for the closing of a street or avenue, and the assessments for benefits for each, should be joined as one proceeding when the circumstances are such as to clearly indicate that much or all of the property affected by one will be affected by the other. Moreover, by the express language of the act, which is free from ambiguity, the Legislature has declared that the assessments for the awards made for damages sustained by the closing of the street or avenue shall be included in the amount of the expense to be assessed upon the property benefited in the proceeding. This clearly refers to the street-opening proceeding. If, as contended by the respondent, it contemplates that such a union makes two proceedings, and that this reference, lastly referred to, relates to the proceeding for determining the awards and making the assessment on account of the closing of a street or avenue, how is the language of the act, that the amount awarded on account of the discontinuance of the street or avenue shall be included in the amount of the expenses to be assessed on the property benefited, given effect? If the Legislature contemplated two proceedings under that section, why would this language be employed? Would it not have directed that the awards for damages for the closing and the expenses of that part of the proceeding should be assessed in a separate assessment roll? Furthermore, by the reference to section

6 of the act, it will be observed that the commissioners are left at liberty to assess upon the bed of the street or avenue closed the full amount of the benefit sustained by it, without restriction. It was evidently contemplated that where there was a surplus of an award for part of a parcel taken for the street opening, and the benefit sustained by the remainder of the parcel, and the remainder of the parcel was also benefited by the closing, the benefits should be offset against the award, and that the city should only be obliged to pay the owner the surplus. On the other hand, if a particular parcel is benefited by the opening and damaged by the closing, the award for damages should be applied in satisfaction or reduction of the assessment. This was the practice more clearly defined for embracing in one proceeding awards and assessments for a street opening and for the closing of an adjacent street under sections 8, 9, c. 213, p. 205, of the Laws of 1818, after which it is evident that the act of 1895 was framed. See, also, Matter of John and Cherry Streets, 19 Wend. 674. Under the mandatory provisions of section 14 of the act of 1895, I think that the only report that the court is authorized to confirm is one embracing all the awards and all the assessments. While it is unnecessary, as has already been observed, to decide the question now, I incline to the opinion, and such I think is the effect of the opinion of the Court of Appeals, that it would be both constitutional and valid to embrace all of the assessments in one roll, without itemizing the amounts separately assessed upon each parcel on account of the street-opening proceeding, and for damages for closing the street or avenue. I think the Legislature contemplated that in such circumstances both proceedings became merged or consolidated into one, and that the whole is but a single improvement, and that the damages sustained by the entire improvement may be embraced in one award, and that likewise the benefits sustained by the entire improvement may be assessed in one item upon each parcel. But if this should be impracticable, or would render the assessments invalid, then still the legislative mandate for one assessment roll may still be constitutionally complied with by this court laying down a rule that the commissioners, in making the awards, shall state in their report, separately, the amount awarded as damages to each parcel for lands acquired for opening the street and for damages sustained by closing the street or avenue, and shall likewise in the assessment roll state separately the amount which each parcel is deemed to be benefited by the opening of the street and by closing the street or avenue. Manifestly, this is practicable, and the report would thus show how the commissioners have acted, and it could readily be seen whether, in their judgment, all of the property benefited by opening the street is benefited by the closing, and thus these respective questions would be as clearly and readily presented for review as if there were separate reports of awards and assessments.

I therefore vote for a reversal of this order.