In re MORRIS AVE. IN CITY OF NEW YORK.

In re WOOLF et al.

(Supreme Court, Special Term, New York County.   December 20, 1915.)

MUNICIPAL CORPORATIONS &#8660;438—STREET CLOSING—ASSESSMENT—PRESUMP-
TION OF BENEFIT TO PROPERTY.

Where a street was closed, and property, not within its bed and not
abutting on it, was assessed for general and neighborhood benefit, as dis-
tinguished from special or individual benefit, resulting from the closing,
the assessment will be upheld.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §
1052;  Dec. Dig. &#8660;438.]

In re Morris Avenue in the City of New York.   On motion to
confirm the supplemental and amended report of the commissioners
of estimate and assessment as to the property of Thomas Woolf and
brothers.   Motion granted.

Lamar Hardy, Corp. Counsel, of New York City (Joel J. Squier and
James Regan Fitz Gerald, both of New York City, of counsel), for the
motion.

Charles V. Gabriel, of New York City, for certain property owners,
for the motion.

Harold Swain, of New York City, for certain property owners,
opposed.


GIEGERICH, J.   The point debated on the present motion, and
the point on which it seems to be assumed that the decision hinges,
and the only point I shall discuss, is whether property not within the
bed or even abutting upon a street that has been closed can be as-
sessed for what may be styled a general and neighborhood, as dis-
tinguished from a special or individual, benefit resulting from the
closing.   The objecting attorney concedes that it is possible to conceive
exceptional circumstances under which a particular piece of property
not in the bed of the closed street might be benefited by the closing,
such, for instance, as a resulting strategic advantage in connection
with adjacent property, access to which might be entirely cut off by
the closing.   I can conceive, however, of much more general condi-
tions which would extend the benefit of the street closing, not only to
property not in the bed of the closed portion of the street, but also
to property abutting upon other portions of the street than the par-
ticular part where a closing may have taken place, and even to prop-
erty not abutting upon that street at all.   It is manifest that an en-
tire closing of a street might throw traffic through adjacent parallel
streets, and thus benefit the property on such streets.   So, too, a com-
plete closing of a badly laid out street might benefit property not touch-
ing that street at all by making available for improvement plots of
better size and shape for the needs of the locality.   On the other hand,
a partial closing, giving a straighter and more symmetrical street, might

result in benefit to properties on such street in both directions from the point where the improvement was made. Such, I understand, was the situation in Matter of Mayor Closing Gerard Avenue, 28 App. Div. 143, 52 N. Y. Supp. 588, affirmed 157 N. Y. 409, 52 N. E. 1126. Without attempting to illustrate in other ways how properties in the neighborhood of a street closing, but neither in the bed of the closed portion, nor even abutting on any part of such street, but located on another street entirely, may be benefited by a street closing, it is enough to say that there may be a great variety of advantages, not special to any particular parcel nor due to any exceptional features of location or size or shape or anything else, but which flow in common to all properties in the neighborhood as a result of the introduction of the "regularity and uniformity" of the street system in that neighborhood, the securing of which is an expressed purpose of the statute. Section 1, c. 1006, Laws 1895.

Section 6 of the same statute makes it the duty of the commissioners of estimate and assessment to estimate the benefit to the lands benefited, but does not attempt to define what properties shall or shall not be deemed benefited or in any way to limit the power of the commissioners to fix such an area of benefit as to their judgment shall seem proper. In Matter of the Mayor (Closing Gerard Ave.), referred to above, as I understand the case, it was held that the commissioners might properly find that property other than that lying within the bed of the portion of the street closed was benefited by the improvement. In the present case the commissioners have gone a step further, and have extended the area of benefit to property not fronting upon any portion of the street improved; but, for the reasons above pointed out, I am unable to say that the commissioners were wrong in laying the small assessments they did on the parcels in question. I can easily conceive of various conditions that may exist in that locality, and that would justify the judgment of the commissioners, and it must be presumed in support of this conclusion that such conditions, or some of them, do exist. They have viewed the property and its surroundings and know all the facts as the court cannot know them. The words of the court in Matter of Mayor, 28 App. Div. 143, 155, 52 N. Y. Supp. 588, 596, are applicable to the present case, namely:

"It cannot be assumed as judicially beyond controversy that no possible benefit ascertainable and reducible to a money valuation can accrue to the neighboring property owners by reason of the closing of so much of the street. As said before, that becomes a question of fact for the commissioners, and it is not to be assumed that they will arbitrarily and unlawfully exercise the power with which they are invested."

Motion granted. Settle order on notice.