### In re EAST 172D ST. IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   December 16, 1910.)

EMINENT DOMAIN (§ 124*)—PUBLIC IMPROVEMENTS—STREETS—DAMAGES.

   In proceedings by a city for the opening of a street, the damages should
   have been fixed as of the date when the first street bounding the block
   was actually opened for public use, and not as of the date when the title·
   to such street vested in the city.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 332–
   ,344; Dec. Dig. § 124.*]

Appeal from Special Term, New York County.

In the matter of East 172d Street.   Appeal from an order con-·
firming the report of commissioners of estimate and assessment.
Reversed, with directions.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT,.
LAUGHLIN, and CLARKE, JJ.

Joel J. Squier, for appellant.
Benjamin Trapnell, for respondents.

PER CURIAM.   The commissioners of estimate and assessment
fixed the damage as of February 20, 1907, which was the day that
the title to the first street bounding the block, viz., the Grand Boule-
vard and Concourse, vested in the city, when they should have fixed·
it as of the date when the first street bounding the block was actually·
opened for public use.   In re Walton Avenue, 131 App. Div. 696,.
116 N. Y. Supp. 471; Id., 197 N. Y. 518, 90 N. E. 59.   The record·
before us does not show when the first street bounding the block
was actually opened for public use.   That fact should have been·
ascertained, and the damages fixed as of that date.

The order appealed from, therefore, is reversed, and the report
returned to the commissioners of estimate and assessment for amend-·
ment and correction. as above indicated, without costs.