(162 App. Div. 291)

### In re JUNIPER AVENUE IN CITY OF NEW YORK.

### In re JERE JOHNSON, JR., CO.

(Supreme Court, Appellate Division, Second Department. May 8, 1914.)

1. MUNICIPAL CORPORATIONS (§ 402*)—STREETS—DISCONTINUANCE—ASSESSMENT OF DAMAGES.

Under Laws 1895, c. 1006, § 4, relative to the assessment of damages from the discontinuance of streets, whether the street involved was a lawful public street and had been legally closed were jurisdictional ques-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tions to be determined by the court before a reference to commissioners· to ascertain and determine the compensation, and it was error to refer· the determination of these questions to the commissioners.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 969–981; Dec. Dig. § 402.*]

2. MUNICIPAL CORPORATIONS (§ 394*)—STREETS—DISCONTINUANCE—ASSESS-MENT OF DAMAGES.

Under Laws 1895, c. 1006, § 4, relative to the discontinuance of streets· in the city of New York, the damages from the closing of a street are to be fixed as of the date when the first street bounding the block in which the property damaged is situated is actually physically opened for pub-lic use, and claims before that time are prematurely filed, and, where a new street shown on a map approved, adopted, and filed, lay partly within and partly without the lines of an old street, the fact that the part within the old street was physically opened did not cause the damages to accrue-immediately.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 938–945; Dec. Dig. § 394.*]

3. MUNICIPAL CORPORATIONS (§ 398*)—STREETS—DISCONTINUANCE—DAMAGES —PERSONS ENTITLED.

The damages to abutting property from the discontinuance of a street,. under Laws 1895, c. 1006, belong to the owner, who has title when the street becomes legally closed.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 953–957; Dec. Dig. § 398.*] .

4. MUNICIPAL CORPORATIONS (§ 402*)—STREETS—DISCONTINUANCE—DAMAGES —ESTOPPEL.

Where a city successfully opposes the reference of a claim for damages from the discontinuance of a street to commissioners of estimate and assessment on the ground that the damages do not accrue until a pending proceeding to open .a new street is completed or until that street or an-other street bounding the block has been physically opened, it will be estopped from thereafter claiming that limitations ran against the claim before the completion of such proceedings.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 969–981; Dec. Dig. § 402.*]

Rich, J., dissenting.

Appeal from Special Term, Queens County.

Proceeding by the City of New York relative to acquiring title to Juniper Avenue. From an order referring the claim of Jere Johnson, Jr., Company to the Commissioners of Estimate and Assessment, the City appeals. Reversed, and motion denied.

Argued before BURR, THOMAS, RICH, STAPLETON, and PUTNAM, JJ.

James Regan Fitz Gerald, of New York City (Joel J. Squier, of New York City, on the brief), for appellant.

Benjamin Trapnell, of New York City, for respondent.

PER CURIAM. The respondent's grantor was the owner of a par-cel of land having a frontage of some 800 feet on the southwesterly side of a highway in the borough of Queens, known locally as Juniper Swamp Road, and referred to in this proceeding as Old Juniper ave-nue. This road, approximately 50 feet in width, had been used as a highway for a great many years, but to the bed thereof the city of New

York nor any of the municipalities which it succeeded had never acquired the fee.

In the year 1908 a permanent street system was planned for the area which included this old road, and section 17 of the Final Maps of the Borough of Queens, showing such street system, was approved, adopted, and filed. This map provided for a new thoroughfare, to be known as Juniper avenue, to be 80 feet in width, to lie partly within and partly without the bounding lines of Juniper Swamp Road, and to be from one to four feet higher in grade.

After the filing of the map, the respondent presented a petition wherein he prayed for an order, pursuant to section 14, c. 1006, of the Laws of 1895, directing that the commissioners of estimate and assessment, appointed to acquire title to land in Juniper avenue, be authorized to ascertain and determine the compensation which should justly be made to the petitioner by reason of the discontinuance and closing of Juniper Swamp Road, and that the commissioners include the award of damages therefor in their report. The motion having come on to be heard, the Special Term made an order the decretal part of which reads:

"Ordered, that the claim of Jere Johnson, Jr., Company, the petitioner herein, be and the same hereby is referred to the said commissioners of estimate and assessment to take proof relative to the said claim, and if, upon proof of all the facts, the said commissioners shall find that said Juniper avenue was a lawful public street and had been legally closed, the said commissioners be and they hereby are directed to ascertain and determine the compensation, if any, to which the said claimant is legally entitled for the loss and damage, if any, sustained by or in connection with the premises described in the said petition, by reason of the closing, discontinuance and abandonment of said Juniper avenue, in front of and adjoining said premises, and to make a separate award therefor, in the report to be made by them, pursuant to chapter 1006 of the Laws of 1895."

From this order the city appeals.

[1] The order delegates to the commissioners the duty of determining whether Juniper Swamp Road was a lawful public street and that it had been legally closed. The establishment of these propositions is jurisdictional, and they must be determined by the court before a reference to the commissioners to ascertain and determine compensation. Laws of 1895, c. 1006, § 4. The order was made, therefore, without statutory authority.

[2, 3] The damages should be fixed as of the date when the first street bounding the block was actually physically opened for public use, and claims for damages filed before that time are prematurely filed. The damage is the damage of the owner who has title to the abutting property when the street becomes legally closed. Matter of Mayor, etc. (Walton Avenue), 131 App. Div. 696, 712, 721, 116 N. Y. Supp. 471, affirmed 197 N. Y. 518, 90 N. E. 59; Matter of Mayor, etc. (East 172d Street), 141 App. Div. 623, 624, 126 N. Y. Supp. 284. In order, therefore, that damages should accrue upon the filing of section 17 of the final maps, it was necessary that such section should show, bounding the block in which the respondent's property is situated, an open public street as one of the streets to be retained on the permanent map of the city. The section map does not show that.

Juniper avenue has not been actually physically opened, and there is no claim that any other street or avenue has been.

The petitioner contends that, because a part of Juniper Swamp Road is to be included in the new Juniper avenue, so much at least of the new Juniper avenue as lies within the bed of Juniper Swamp Road is actually physically opened, and that therefore the right to damage has accrued. It seems to us that the argument is not well founded. If the inclusion of any portion of an old street within the lines of a new street is sufficient to make that new street physically open as to such included portion, the argument would be the same whether the portion so included was a foot wide or five feet wide, or, as in this case, nearly twenty feet wide. If the lines and grade of the new Juniper avenue were identical with those of the old thoroughfare, it might then be said that the street had been physically opened, within the meaning of the statute, so as to give rights under the statute to an owner of property within the block on which it abuts. This was the case of Jerome Avenue in Matter of Walton Avenue, supra.

But we think it would be a dangerous construction to hold that if the permanent map, as filed, showed any portion, no matter how small, of the existing public street to be included within the boundaries of the new street, as laid down on said map, immediately it could be said by reason thereof that the street laid down on the new map had been opened within the meaning of section 2 of the statute, so as to give the then abutting owner an immediate right to damage.

[4] No particular burden will be imposed upon the petitioner by compelling it to wait until the pending proceedings for the opening of Juniper avenue shall have been completed, or until that street or any other street bounding the block shall have been actually physically opened. Having taken this position successfully, the city would be estopped from claiming that the statute of limitations had run against its claim, or that the statute began to operate before the completion of such proceedings. If, in the meantime, the petitioner does not transfer its property, its right to damages will accrue. If it does transfer, the city will be spared the possibility of having to pay damages twice.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs.

BURR and PUTNAM, JJ., concur. RICH, J., reads for affirmance. THOMAS, J., not voting.

RICH, J. I dissent. It is not disputed that Juniper Swamp Road was a lawful public street and had existed as such for more than 20 years, and it is shown by the map that for a distance of about 700 feet along the front of petitioner's land the southwest line of Juniper Swamp Road is moved to the east away from petitioner's land a maximum distance of about 15 feet. It is conceded that the remainder of the highway, 35 feet in width, is continued as a part of the new street, is used and was being used as a public street when the map was filed. The 15-foot plot is not included in "Juniper avenue" as laid out on said map. It lies between petitioner's land and the boundary of said avenue, and it became legally closed when the map was filed.

The intent to discontinue and close so much of the highway as is represented by this strip of land is not denied, the respondent's easement in the closed strip is extinguished, and the title thereto will revert to the former owner in fee. I think that the respondent's claim for the damage sustained is enforceable now. The sole dispute and the controversy here relates to the date when the closing occurred. If the street was in fact legally closed, I do not regard it essential to the appointment of commissioners that the fact be judicially determined in advance. It is sufficient if such a determination is made during the pendency of the proceeding.

The purpose and effect of the statute under consideration is stated in Matter of City of New York (Walton Avenue) 145 App. Div. 855, 130 N. Y. Supp. 378, affirmed 204 N. Y. 670, 98 N. E. 1118, and the rule with which the respondent must comply is stated in Matter of Mayor, etc. (Spuyten Duyvil Road) 152 App. Div. 114, 117, 136 N. Y. Supp. 662, affirmed 208 N. Y. 592, 102 N. E. 1113, in the following language:

"In order to justify an award to any property owner under the section above quoted, it is essential that he shall establish the jurisdictional facts which entitle him to this particular relief; that is to say, that the public authorities have instituted a proceeding for opening a street or public place contiguous to or in the neighborhood of a lot or parcel of ground, owned by the petitioner or in which he has an interest, and which fronts upon a street or other public place which they (the public authorities) 'have discontinued and closed as aforesaid.' It is as essential that the street or public place shall have been closed and discontinued as that the petitioner's property shall front on the closed or discontinued thoroughfare."

If the Juniper Swamp Road had been continued permanently, as it then existed, as a highway, and, as such, part of the adopted permanent street system, the filing of the final map operated to immediately close all streets shown as discontinued in the several blocks bounded by it. This I understand to be the precise rule declared in Matter of Mayor, etc., of New York (Walton Avenue) 131 App. Div. 696, 116 N. Y. Supp. 471, affirmed 197 N. Y. 518, 90 N. E. 59, in which the contention of the city was practically the same as in the case at bar.

I am unable to concur in the contention that the intent of the statute is that, in order to have a continued street given that effect, it must be a street of the same dimensions as to width as the one shown on the final map, and it must also be of the same elevation as to grade. In the case of Matter of City of New York, 192 N. Y. 459, 85 N. E. 755, the court establishes the test of the closing of the discontinued street as being the actual physical opening of the proposed permanent street. I think a street within this rule is opened when it is available for public travel and affords access between its commencement and termination, and the continued portion of the Juniper Swamp Road satisfies this test. I do not understand the city to dispute the contention that there was, or is to be, a closing of the Juniper Swamp Road so far as that portion of its roadbed lying between the boundary line of the new Juniper avenue and the front of respondent's property is concerned. Such a contention could not be sustained (People ex rel. Winthrop v. Delany, 120 App. Div. 801, 105 N. Y. Supp. 746, affirmed 192 N. Y. 533, 84 N. E. 1118), and I must vote to affirm the order.