the plaintiff's case. It is well settled that examinations will not be allowed under such circumstances. (*Caldwell* v. *Glazier*, 128 App. Div. 315; *Hartog & Beinhauer Candy Co.* v. *Richmond Cedar Works*, 124 id. 627.)

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

INGRAHAM, P. J., LAUGHLIN, CLARKE and SCOTT, JJ., concurred

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

---

In the Matter of the Application of THE CITY OF NEW YORK, Relative to Acquiring Title, etc., to the Block of Land Bounded by First and Second Avenues, East Thirty-fifth and East Thirty-sixth Streets, in the Borough of Manhattan, in the City of New York, Required for Opening of a Public Park.

MARTHA B. JONES, Appellant; CHARLES E. APPLEBY, Respondent.

First Department, February 4, 1910.

Eminent domain — street opening, city of New York — award to unknown owners — right of claimant to intervene.

A person merely claiming a portion of an award made to unknown owners on a street opening in the city of New York is entitled to intervene in a proceeding instituted to ascertain the persons to whom the award shall be paid. It is not necessary that a claimant affirmatively prove her title as a condition precedent.

APPEAL by Martha B. Jones, claimant, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of November, 1909, denying the appellant's motion for leave to intervene.

*Matthew J. Wheelehan*, for the appellant.

*Banton Moore*, for the respondent.

Dowling, J.:

In the proceedings heretofore had for the acquisition by the city of New York of the title to certain lands bounded by First and Second avenues, East Thirty-fifth and East Thirty-sixth streets, in the borough of Manhattan, for use as a public park, the commissioners appointed therein made an award to unknown owners of the sum of $4,718.78 as damages for so much of the land taken for public use as was described as lot 58 on the damage map.

Thereafter one Charles E. Appleby claimed to be entitled to said award; his claim and the claims of claimants to other awards were referred to a referee to take proof of the title to the respective awards.

Martha B. Jones, the present petitioner, presented to the court her verified petition, setting forth that she claimed an interest in the award to which Appleby made claim, and praying that her application be consolidated with that of Appleby, and that the referee be directed to take proof of her title, as well as that of all other persons claiming an interest in, or to be entitled to, said award. Her application was denied, for what reason is not disclosed.

The application theretofore made by Appleby appears to have been properly before the referee, and no valid reason is given why the petitioner should not have had permission to intervene and protect her rights, if any. It is not necessary that she should affirmatively prove her title before she is allowed to intervene. Under section 1001 of the charter (Laws of 1901, chap. 466, as amd. by Laws of 1906, chap. 658) it is sufficient that she claims to be interested in the lands for which the award has been made or any part thereof; and thereupon the court has the right either to take the proof and testimony of the claimant or to refer the matter to a referee for such purpose. Here the court did not attempt to take the proof and testimony of the claimant and refused to send the matter to a referee as she prayed.

The very purpose of a reference in these proceedings is to determine, finally, the ownership of an award, and for that purpose to have before the court or the referee every one who claims to be interested in the award. This avoids multiplicity of proceedings and secures complete adjustment of the rights of the litigants.

The order appealed from should be reversed, with costs, and the

First Department, February, 1910.          [Vol. 136.

petitioner given leave to intervene and to have her claim heard before the referee heretofore appointed to take proof of the claim of Charles E. Appleby and others.

INGRAHAM, P. J., McLAUGHLIN, CLARKE and SCOTT, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.