private purposes. Hatfield v. Straus, 189 N. Y. 208, 82 N. E. 172. The right acquired by the relators under the resolution of the board of estimate and apportionment is for private purposes only. It does not therefore constitute a franchise such as the Legislature has authorized the city to grant. Matter of Rhinehart v. Redfield, 93 App. Div. 410, 87 N. Y. Supp. 789, affirmed in 179 N. Y. 569, 72 N. E. 1150. As it is not a franchise, it is not a special franchise. The word "special" limits the word "franchise."

It is not necessary to consider what, if any, rights the relators secured under the resolution. The city is not only a governmental agency, but a proprietor. It owns as proprietor the fee of a strip of land 30 feet wide under the southerly portion of Livingston street. Its ownership is in trust for highway purposes for the benefit of the public. Because the trust is for the people at large, and not for the city or the inhabitants of the city, the control of the streets is vested primarily in the Legislature; but the city has power to grant certain licenses and privileges therein, provided the same do not interfere with the rights of the public, and such power has been long exercised. Granting the right to construct vaults under the sidewalks is one of the most common methods of exercising the power. I suppose that, although the city holds the fee in trust for street purposes, it has all proprietary rights not inconsistent with such purposes. The rights of the relators, if they secured any under the resolution, were granted by the city as proprietor of this strip of land, and not as agent of the state in granting a franchise. Such rights are of the same nature as and certainly no greater than if granted by private parties owning the fee in the street subject to highway easements. Such rights do not constitute a franchise. People ex rel. Retsof Mining Company v. Priest, 75 App. Div. 131, 77 N. Y. Supp. 382, affirmed in 175 N. Y. 511, 67 N. E. 1088.

The assessment is illegal, and must be stricken from the rolls, with costs to the relators.

---

In re RICHARD STREET IN CITY OF NEW YORK.

In re SMITH.

(Supreme Court, Appellate Division, First Department. June 3, 1910.)

1. MUNICIPAL CORPORATIONS (§ 398*)—STREETS—DISCONTINUANCE—COMPENSA-
    TION—PERSONS ENTITLED.
        Only the person who owns property when the final map showing the
    closing and discontinuance of the street was filed is entitled to compensa-
    tion for closing.
        [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §
    955; Dec. Dig. § 398.*]

2. MUNICIPAL CORPORATIONS (§ 402*)—STREETS—DISCONTINUANCE—COMPENSA-
    TION—RIGHTS.
        Laws 1895, c. 1006, § 5, provide for the filing of claims for damages
    caused by discontinuing streets, provided that within six years after the
    filing of the map showing such discontinuance any owner affected thereby
    shall present to the comptroller a written complaint for compensation and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

request that proceedings be instituted for the ascertainment and determination thereof, or shall be forever barred. Section 15 gives the court power at any time to amend any defect in any special proceeding authorized by the act, or relieve from any irregularity, and, if it be found necessary to amend any pleading or supply a defect, the same may be amended or supplied as directed by the Supreme Court. *Held*, that the filing of a claim within the time required by section 5 was a condition precedent to the right to compensation, which must be alleged and proved by the claimant, and that failure to file a claim within the time required could not be cured under section 15; that section only applying to irregularities and omissions in proceedings properly instituted.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 979; Dec. Dig. § 402.*]

Appeal from Special Term, New York County.

In the matter of the opening of Richard Street, in which Elizabeth G. Smith petitioned for damages sustained by the closing of Elliott Avenue. From an order directing Commissioners of Estimate and Appraisal to determine petitioner's compensation, the City appeals. Reversed, and motion denied.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Archibald R. Watson, Corp. Counsel (James Regan Fitzgerald, of counsel, and Joel J. Squier, on the brief), for appellant.

Whalen & Dunn (Joseph A. Young, of counsel), for respondent.

CLARKE, J. Commissioners of estimate and assessment having been appointed in a street opening proceeding entitled "In the Matter of Opening of Richard Street from Bronx & Pelham Parkway to Morris Street, Borough of the Bronx, City of New York," Elizabeth C. Smith, upon a petition verified June 8, 1908, made a motion before the Special Term for an order authorizing and directing the commissioners of estimate and assessment appointed in the above-entitled proceeding to ascertain and determine the compensation which should be made for the loss and damage to said petitioner by and in consequence of the closing and discontinuance of Elliott avenue in the borough of the Bronx, in front of and adjoining petitioner's specified property, under and pursuant to chapter 1006, Laws 1895, and that the amount of the loss and damage so ascertained be included in the report of said commissioners. From the order granting said motion, the city appeals.

In her petition she alleges that the final map of the borough of the Bronx, showing the closing and discontinuance of Elliott avenue, was duly filed on the 13th of November, 1901. She does not allege that at the time of said filing she was the owner of the property alleged to have been affected. If she was not then the owner, she suffered no damage and is entitled to no compensation.

This court said, in Matter of Walton Avenue, 131 App. Div. 696, 116 N. Y. Supp. 471, affirmed 197 N. Y. 518, 90 N. E. 59:

"The moment the avenues and street became legally closed, the right of the landowners to damages accrued by virtue of the provisions of sections 4 and 14 of chapter 1006 of the Laws of 1895. * * * This was a personal claim which accrued to the owner of the property at the time of the legal closing of the avenues and street and the cutting off of his rights therein by the filing

of the map. The just compensation to which each owner is entitled is the depreciation in value of his parcel of land by the legal closing of the avenue or street, and the right accrued thereto at once, without regard to the question as to whether the streets were thereupon actually closed, as they might have been, or whether property owners were permitted to continue to use them, and regardless of whether or not the owner continued to hold the title to the parcel which was damaged by the closing of the avenue or street, or whether or not he thereafter parted with it voluntarily, or title was taken from him in invitum, for those considerations could not affect the quantum of damages or the right thereto which does not run with the land. King v. Mayor, etc., of N. Y., 102 N. Y. 171 [6 N. E. 395]; Matter of Grade Crossing Com'rs, 64 App. Div. 71 [71 N. Y. Supp. 674], affirmed 169 N. Y. 605 [62 N. E. 1096]; Johnson v. Pettit, 120 App. Div. 774 [105 N. Y. Supp. 730]; Matter of City of New York (Newtown Creek Bridge) 128 App. Div. 150 [112 N. Y. Supp. 531]; Matter of Mayor (Trinity Avenue) 116 App. Div. 252 [101 N. Y. Supp. 613]; Harris v. Kingston Realty Co., 116 App. Div. 704 [101 N. Y. Supp. 1104]; Matter of Seventh Avenue, 59 App. Div. 175 [69 N. Y. Supp. 63]. See, also, Wehrenberg v. Seiferd, 125 App. Div. 527 [109 N. Y. Supp. 896]."

Even if it were possible to spell out from the language of the petition an allegation of ownership at the time of the closing of Elliott street, the petition is fatally defective, in that it does not contain any allegation of service upon the comptroller of a written statement or claim for compensation within six years after the filing of the map. The only allegation is:

"That said alterations and changes or the closing and discontinuance of said Elliott avenue were not done at her request, and that by reason of the aforesaid the damages accruing to your petitioner is the sum of $5,000, and your petitioner has since the discovery of the above facts, and more than 30 days before the date of this petition, presented to the comptroller of the city of New York a written statement of claim for compensation by reason of the above; that she has received no compensation therefor; that the fee title to the premises lying within the said Elliott avenue has never been acquired by the city of New York."

Respondent's counsel states in his brief:

"It is claimed by the city, and admitted by the respondent, that her claim was not filed within six years from the time of the filing of the map, and therefore by the above provision the right to damages has been barred."

The provision referred to is that contained in section 5 of chapter 1006 of the Laws of 1895, which provides for the filing of claims for damages suffered by reason of the discontinuance and closing of streets, "provided, however, that within six years after the filing of such map any owner or owners interested and affected by such discontinuance and closing shall present to the chief financial officer or comptroller of the said city a written statement or claim for compensation and a request that such proceeding be instituted for the ascertainment and determination thereof, or be forever barred from claiming compensation for such closing or discontinuance."

I think that the filing of the claim within the time limited was a condition precedent to her right to receive compensation, which had to be alleged and proved, similar in this respect to the notices required to be filed by section 261 of the Greater New York Charter (Laws 1901, c. 466), and chapter 572 of the Laws of 1886, in actions against the city of New York, of which we said, in Bernreither v. City of New York, 123 App. Div. 291, 107 N. Y. Supp. 1006, affirmed 196 N. Y. 506, 89 N. E. 1096:

"It is part of the procedure which the Legislature has provided shall be taken in enforcing claims against the city. It is a condition precedent to the right to sue. It is, therefore, necessary to allege and prove the demand and the neglect or refusal to adjust or pay at the expiration of 30 days.  *  *  * Under the charter provision a claim had to be filed with the fiscal officer, the comptroller, and 30 days allowed to lapse for payment or adjustment before suit. Under this act a notice to sue was required to be filed with the law officer and within six months after the cause of action shall have accrued. Compliance with each provision had to be alleged and proved. They were independent provisions designed to conserve different objects."

In People ex rel. Winthrop v. Delany, 120 App. Div. 801, 105 N. Y. Supp. 746, affirmed 192 N. Y. 533, 84 N. E. 1118, where this court granted a peremptory writ of mandamus to compel the corporation counsel to institute proceedings under the provisions of the street closing act to ascertain the alleged damage of an abutter, we said:

"All that is necessary to establish to the satisfaction of the court is that a street or a part thereof has been discontinued or closed in the manner provided by law by the local authorities; that the property abuts such street so discontinued or closed; that the owner has within the time limited presented a written statement or claim for compensation and a request that a proceeding be instituted by the appointment of commissioners for the ascertainment and determination thereof; and that such proceedings have not been instituted. The petition in the matter at bar sets forth all these facts."

The respondent attempts to avoid the limitation in time and the condition precedent of the service of notice required by section 5 of the act by citing section 15 thereof. That section, after providing for filling vacancies in the commission, proceeds:

"The court shall have power at any time to amend any defect or informality in any of the special proceedings authorized by this act that may be necessary or to amend any description or to cause other property to be included therein, or property included therein to be excluded therefrom, or to permit any person having an interest therein to be made a party thereto, or to relieve from any default, mistake or irregularity, or to direct such further notice to be given to any party in interest as it seems proper; and also to appoint other commissioners of appraisal in place of any who shall die or refuse or neglect to serve, or be incapable of serving or be removed.  *  *  *  If in any particular it shall at any time be found necessary to amend any pleading or proceeding or to supply a defect in any special proceeding authorized by this act, the same may be amended or supplied in such maner as shall be directed by the Supreme Court which is hereby authorized to make such corrections."

It seems clear that such provisions apply to irregularities and omissions in proceedings properly instituted and have no force and effect upon the limitation and the condition precedent heretofore set forth.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.