(156 App. Div. 775.)

### In re OPENING WALTON AVE.

(Supreme Court, Appellate Division, First Department.  May 29, 1913.)

MUNICIPAL CORPORATIONS (§ 404*)—STREET CLOSING—DAMAGES.

Street Closing Act of 1895 (Laws 1895, c. 1006) § 5, provides that, within six years after the filing of a map indicating the discontinuance of a street, any owner affected by the discontinuance shall present to the comptroller a written statement or claim for compensation or be forever barred from claiming compensation for such discontinuance.  *Held*, that a claim which was not filed until more than six years after the right to compensation accrued, when the street was legally discontinued, was barred.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 989–991, 993–999; Dec. Dig. § 404.*]

Appeal from Special Term, New York County.

In the Matter of Opening Walton Avenue.  From an order of the Special Term referring to the commissioners of estimate and assessment the claim of Philip Wooley for damages from the discontinuance of a street, an appeal was taken.  Reversed, and motion to refer denied.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

James Regan FitzGerald, of New York City, for appellant.
Benjamin Trapnell, of New York City, for respondent.

SCOTT, J.  The petitioner is the owner of property abutting upon Hawkstone street (also known as Sixth avenue) in the borough of the Bronx, city of New York.  He and his grantors have owned said property since prior to July 5, 1905, on which date said Hawkstone street became legally closed and discontinued as a public street under the so-called Street Closing Act (Laws 1895, c. 1006), by the physical opening of 172d street, one of the streets bounding the square or plot within which petitioner's property is located as shown upon the permanent plan filed on November 2, 1895, upon which Hawkstone street is also shown as a street to be closed and discontinued.

We have already decided, in a case arising out of the discontinuance of this same street, that whatever damage resulted to any abutting owner in consequence of such discontinuance accrued on the date on which the said street was legally discontinued, to wit, July 5, 1905. Matter of the City of New York (Dimelow Claim) 145 App. Div. 855, 130 N. Y. Supp. 378, affirmed 204 N. Y. 670, 98 N. E. 1118; Matter of Mayor, etc., 166 N. Y. 495, 60 N. E. 180.  The plaintiff claims damages under an assignment from those who owned the property on July 5, 1905.

By the Street Closing Act of 1895 provision is made for the ascertainment of the damage sustained by the owner of land abutting upon a discontinued street either upon application of the corporation counsel in behalf of the city, or of the aggrieved property owner.  With respect to the latter the act undertakes to establish a limitation of

time within which a claim for such damages must be presented. The language is:

"Provided, however, that within six years after the filing of such map" (that is, a map or plan indicating that the street is to be discontinued) "any owner or owners interested and affected by such discontinuance and closing shall present to the chief financial officer or comptroller of such city a written statement or claim for compensation, * * * or be forever barred from claiming compensation for such closing or discontinuance." Section 5.

It has been held that this limitation applies literally to the case of the owner of land abutting upon a projected street, road, or avenue, not actually in use when the permanent map or plan was filed, and which, therefore, became ipso facto legally discontinued upon the filing of the map, for it was then that the damages, if any, accrued. Matter of Richard St., 138 App. Div. 821, 123 N. Y. Supp. 438; Matter of the Mayor, etc. (Grote St.) 139 App. Div. 69, 123 N. Y. Supp. 619.

In the Dimelow St. Case, supra, as in the present, the street upon which the claimant's land abutted was in actual use when the permanent plan of 1895 was adopted, and was not, under the established construction, legally discontinued until July, 1905, ten years after the filing of the permanent plan. Obviously the limitation of six years after the filing of the plan was inapplicable to such a case, and it was so held. In that case the notice of claim was filed within six years after Hawkstone street had been legally discontinued by the opening of 172d street, but, of course, much more than six years after the filing of the permanent plan. It was held that, under these circumstances, the limitation contained in section 5 of the Street Closing Act could not be legally applied, and that, since no damage accrued until the street was legally discontinued, the limitation of time within which to file a claim could not begin to run until the legal discontinuance had been effected. It was accordingly held that the claim in that case had been filed in time.

We now have presented the question whether, under the circumstances of this case, there is any limitation of time within which a claim may be filed, and, if so, what that limitation is. In the case at bar, the claim was not filed until May 4, 1912, more than six years after the right to compensation accrued, and the claim of the corporation counsel is that this is too late, and that no effective claim can be filed after the expiration of six years from the date of the legal closing of Hawkstone street, at which date, as it is conceded, the damage, if any, accrued. This question was expressly left open in the discussion of the Dimelow Case.

There can be no doubt that it was the intention of the Legislature to place a reasonable limit upon the time within which claims for damages arising from the discontinuance of a street should be presented. As to streets not in use when the general plan was filed, and which were automatically discontinued by the fact of filing, the provision of the statute is precise and easily applied. As to them it is reasonable and proper that the limitation should begin to run from the date of filing, as that is also the date on which the damage accrues. It has

already been found necessary, however, to ignore the date of filing as the starting point of the limitation, in cases like the present, where a damage accrues some time subsequent to the date of filing, and it is argued that, being obliged to ignore that fixed date, there is no date left at which any limitation of time can begin to run, and consequently that there is no limitation upon the filing of such claims for damage. ·

We do not think that the statute should be subjected to so narrow a construction. The right to file a claim at all is given only to the "owner or owners interested or affected by such discontinuance," and until the discontinuance has been legally effected there can be no owner or owners interested or affected by it. It is at that moment therefore that the limitation of time to file claims must commence, if there be any limitation. The provision that the claim must be filed within six years "after the filing of such map" was doubtless inserted in the belief, which in most cases is well founded, that the filing of the map would be coincident with the discontinuance of the omitted street, and therefore coincident with the inception of the right to recover damages; the main and dominant purpose being that a property owner aggrieved by the discontinuance of a street should have six years and no more after he had been damaged to file a claim therefor. As has been said above, we found it necessary, in justice to certain property owners, to ignore the words "after the filing of such map," and to recognize the validity of a claim filed much more than six years after that time. The result of omitting or ignoring these words, which can have no application to a case wherein the legal discontinuance does not take place until ten years after the filing of the map, would leave the section to read: "Provided, however, that within six years * * * any owner or owners interested and affected by such discontinuance and closing * * *" may file a claim "or be forever barred from claiming compensation." This reading of the statute will in our opinion exactly represent what was clearly the intention of the Legislature that each owner affected by the discontinuance should have six years and no more, after his damage accrued, within which to file a claim for compensation. To so read the statute will do no more violence to its language than is necessary to apply its obvious intent to the circumstances of the particular case with which we have to deal.

It follows that the petitioner's claim was filed too late, and that the motion to refer it to the commissioners of estimate and assessment should have been denied.

Order appealed from reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.