In the Matter of the Application of THE CITY OF NEW YORK, Appellant and Respondent, Relative to Acquiring Title to Lands Required for an Extension of and Approaches to the Grand Boulevard and Concourse in the Borough of The Bronx.

ALBERT L. LOWENSTEIN et al., Appellants; MARY J. DALTON et al., Respondents.

Eminent domain — Statute of Limitations affecting owner's right to compensation for property taken for public purposes — invalidity of chapter 1006, Laws of 1895, establishing such a limitation — awards of commissioners for easements in streets which have been discontinued under said statute.

1. Before a citizen's right to compensation for property taken for public purposes can be cut off by a Statute of Limitations notice of the event on which the right depends must be brought home to him by the state.

2. The statute (L. 1895, ch. 1006) providing for the discontinuance of streets and highways in cities of the first class is unconstitutional and invalid in so far as it provides that the mere lapse of six years, following the filing of the map showing the discontinuance of any street or streets, shall, without any actual or constructive notice to the owners of the abutting land, bar their right to compensation for the easements affected by the discontinuance of such street or streets.

3. In a condemnation proceeding by the city of New York to acquire the fee of land formerly within the lines of certain streets which had been discontinued under the statute (L. 1895, ch. 1006), the commissioners made substantial awards to the owners of the land abutting upon such streets for their private easements therein, but awarded nominal damages, only, to the owners of the fee of the land within the lines of such streets. *Held*, that the abutting owners were not deprived of their right to compensation for their easements so appropriated by the city simply because six years had elapsed since the filing of an official map showing the discontinuance of the streets in question, and that the evidence sustains a finding that an assessment adequate to compensate abutting owners for the loss of their private easements would, if imposed on the land

within the lines of the old streets, make the value of the fee nominal, hence the awards were properly confirmed by the Supreme Court.

*Matter of City of New York* (*Grand Boulevard*), 160 App. Div. 80, affirmed.

(Argued June 5, 1914; decided October 23, 1914.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 20, 1914, which affirmed an order of Special Term confirming the report of commissioners of estimate and assessment in street opening proceedings.

The facts, so far as material, are stated in the opinion.

*Harold Swain* and *Benjamin F. Gerding* for Albert L. Lowenstein et al., appellants.   The effect of the subjection of the two damage parcels in question to the terms of the closing act was to extinguish all easements of adjoining property owners, including those created by grant. (*Matter of Mayor, etc.* [*E. 168th St.*], 28 App. Div. 143; 157 N. Y. 409; *Matter of Mayor, etc.* [*E. 183d St.*], 41 App. Div. 586; *Matter of Mayor, etc.* [*Morris Ave.*], 56 App. Div. 122; 166 N. Y. 495; *Matter of Mayor, etc.* [*Vanderbilt Ave., West*], 95 App. Div. 533; 119 App. Div. 882; 189 N. Y. 551; *Matter of City of New York* [*Jerome Ave.*], 120 App. Div. 201; 192 N. Y. 459; *Johnson* v. *Cox*, 42 Misc. Rep. 301; 124 App. Div. 924; 196 N. Y. 110; *Matter of Mayor, etc.* [*Walton Ave.*], 131 App. Div. 696; 197 N. Y. 518; *Swain* v. *Schonleben*, 130 App. Div. 521; 198 N. Y. 622; *Matter of Minzesheimer*, 144 App. Div. 576; 204 N. Y. 272; *Matter of City of New York* [*Dimelow*], 145 App. Div. 855; 204 N. Y. 670; *Matter of Mayor, etc.* [*Spuyten Duyvil Road*], 152 App. Div. 114; 208 N. Y. 592.)   The land taken having been liberated from the burden of the easements of abutting owners, was the property of the appellants in the entirety of title, and awards should have been made representing the fair market value of the land.   (*Matter of City of*

*New York,* 132 App. Div. 867; 149 App. Div. 55; *Matter of Minzesheimer,* 144 App. Div. 576; 204 N. Y. 272.)

*Frank L. Polk, Corporation Counsel (Joel J. Squier* and *John J. Kearney* of counsel), for the city of New York, appellant and respondent. At the time of the acquisition of title to the premises taken in this proceeding Butternut street and Pond place were incumbered with the private easements of the owners of lots abutting thereon. (*Holloway* v. *Southmayd,* 139 N. Y. 390; *Matter of Mayor, etc. [E. 168th St.],* 28 App. Div. 143; affd., 157 N. Y. 409; *Matter of Mayor, etc. [Vanderbilt Avenue],* 95 App. Div. 533; 119 App. Div. 882; affd., 189 N. Y. 551; *Johnson* v. *Cox,* 196 N. Y. 110; *Matter of Mayor, etc. [Morris Ave.],* 56 App. Div. 122; 166 N. Y. 495; *Matter of Mayor, etc. [Walton Ave.],* 131 App. Div. 696; 197 N. Y. 518.) The provisions of section 2 of chapter 1006 of the Laws of 1895 do not satisfy the requirements of article 1, section 6, of the Constitution of the state of New York, if they are to be construed as attempting to accomplish the extinguishment of private easements, by the filing of a general map or plan and the physical opening of one of the streets bounding the block. (*Lahr* v. *Met. El. R. R. Co.,* 104 N. Y. 268; *Story* v. *N. Y. El. R. R. Co.,* 90 N. Y. 122; *Johnson* v. *Cox,* 196 N. Y. 110; *People* v. *Brown,* 47 Hun, 459; *People* v. *Gray,* 40 Hun, 465; *People ex rel. Dean* v. *Board of Assessors,* 59 Hun, 407; *Matter of Oneida Street,* 37 App. Div. 266; *Owners of Ground* v. *Albany,* 15 Wend. 374; *Stuart* v. *Palmer,* 74 N. Y. 183; *Matter of Union El. R. R. Co.,* 112 N. Y. 61; *People ex rel. Heiser* v. *Gillon,* 121 N. Y. 551; *Matter of Lent,* 47 App. Div. 349; *Happy* v. *Mosher,* 48 N. Y. 313; *Tracy* v. *Corse,* 58 N. Y. 143.)

*Edward H. Hawke, Jr.,* for Mary J. Dalton, respondent. The private easements of the abutting property owners and the public easements in Pond place and But-

ternut street, not having been extinguished by operation of law, the commissioners did not err in making a nominal award to the said Lowensteins as the owners of a part or portion of said Pond place and Butternut street. (*Matter of Mayor, etc., of N. Y.*, 131 App. Div. 696; 197 N. Y. 518; *Matter of Dept. of Parks*, 53 Hun, 556; *Matter of City of New York*, 120 App. Div. 297; *Matter of Mayor, etc.*, 24 App. Div. 7.) The public rights of way and the easements of the abutting property owners in and to the streets, avenues and public places shown on the map were not *ipso facto* extinguished by the filing thereof. (*Matter of Mayor, etc. [Vanderbilt Ave.]*, 95 App. Div. 533.) Land burdened with private easements in favor of abutting property owners, and used and maintained as a private street, is valueless for all practical purposes, and the awards by the commissioners herein of nominal damages to the appellants, Lowenstein, were correct and should be sustained. (*Matter of City of New York [Carroll Street]*, 137 App. Div. 39; *Matter of Scheidner*, 136 App. Div. 444; *Matter of City of New York [Decatur Street]*, 196 N. Y. 286; *Matter of City of New York [Johnson Ave.]*, 135 App. Div. 630; 198 N. Y. 505; *People ex rel. Topping* v. *Purdy*, 143 App. Div. 389; 202 N. Y. 550.)

*Benjamin Trapnell* for Peter F. T. Hansen, respondent. Even if respondents' easements were extinguished by virtue of the provisions of chapter 1006, Laws of 1895, the value of said easements cannot be added to the value of appellant Lowenstein's naked fee title so as to entitle him to a substantial award in this proceeding. (*Matter of Board of Education*, 24 App. Div. 117.)

*Ernest Hall* and *Thomas S. Bassford* for John F. Steeves, respondent. The lands of appellants, subject to the easements created under the W. H. Morris map of West Morrisania, which easements are still extant, were

entitled to but nominal awards. (*Johnson* v. *Cox*, 196 N. Y. 110; *Matter of City of New York*, 153 App. Div. 164.)

CARDOZO, J.   In this proceeding the city of New York seeks to acquire the fee of lands formerly within the lines of two streets known as Butternut street and Pond Place. The title to the fee was vested, when the proceeding was begun, in the appellants Lowenstein.   The courts below have held that the value of the fee was nominal because the land was subject to private easements in favor of abutting owners.   It is to those owners, and not to the owners of the fee, that substantial damages have been awarded.   The award was made with the approval of the city, which moved the confirmation of the commissioners' report.   The appellants Lowenstein insist on this appeal that the court erred in holding that their damages were nominal.   The city of New York does not contest the award in favor of the abutting owners unless the award to the appellants Lowenstein is increased, but insists that in such an event the other awards must be reduced.

Butternut street and Pond Place were laid out on a private map made in 1853; and through dedication and acceptance by the public authorities, they became in 1879 duly constituted highways.   The fee remained in private ownership.   They were omitted, however, from the final map filed November 2, 1895, by the commissioners of street improvements of the 23d and 24th wards.   On that map the land which formed the bed of the discontinued streets, lay within a block bounded by Walton avenue, the Concourse, East 163d street, and East 164th street.   One of these streets, Walton avenue, was physically opened in October, 1898.   It is conceded that from that time Butternut street and Pond Place have ceased to exist as public highways.   Later and in 1906 the city of New York determined to acquire the fee for

another public improvement. The owners of the land maintain that under chapter 1006 of the Laws of 1895, the effect of the discontinuance of the public streets by omission from the official map was to extinguish the private easements of abutting owners; that the right to compensation for the destruction of the private easements has been lost by limitation; and that the fee of the old streets, being thus relieved of all burdens, should have been held to have a substantial value.

I assume for the purpose of this case that the statute was intended to extinguish all easements, private as well as public, and this without reference to their origin, whether dependent upon mere accidents of contiguity or upon grant express or implied. I think we should leave those questions open to the extent that our answer to them is not controlled by earlier decisions. If this assumption be made, the conclusion, I think, must still be that the abutting owners have not lost their right to compensation for the easements thus appropriated. It is true that the statute says they shall lose it after the lapse of six years from the filing of the map. To that extent, if no further, the statute must be pronounced invalid. It takes the property of the citizen without actual notice, and without such provisions for constructive notice as are essential to the maintenance of due process of law. It does not require that owners be notified of the filing of the map by which their rights are to be extinguished. It does not confine itself to a provision that the filing of the map shall *ipso facto* work an appropriation of their interest in the land. That in itself would not, we may assume, be invalid if an adequate remedy insuring compensation were provided. The statute, however, goes farther and declares that the mere lapse of six years, following the filing of the map, shall, regardless of notice to the owners, bar their right to compensation. It does not avail them that they have remained in undisturbed possession of their lands and

unchallenged enjoyment of appurtenant easements.   If they fail to keep track of the maps that define the public highways, their private as well as their public easements may be forfeited without requital.   All this is true, if the statute be valid, though neither by actual nor by published notice have they been advised that their rights have been placed in jeopardy.   I do not think that such a statute comports with the constitutional guaranty of due process of law.   (*Peterson* v. *Martino*, 210 N. Y. 412, 420; *Bryan* v. *McGurk*, 200 N. Y. 332, 336; *Joslyn* v. *Rockwell*, 128 N. Y. 334, 339; *Blinn* v. *Nelson*, 222 U. S. 1; *Longyear* v. *Toolan*, 209 U. S. 414; *Londoner* v. *City & County of Denver*, 210 U. S. 373, 385, 386; *Central of Georgia Ry. Co.* v. *Wright*, 207 U. S. 127; *American Land Co.* v. *Zeiss*, 219 U. S. 47, 67; Cooley's Constitutional Limitations [3d ed.], 366.)   Before the citizen's right to compensation can be cut off by such a statute of limitation, notice of the event on which the right depends must be brought home to him by the State.   He cannot be charged with the duty of hunting out the facts for himself.   The State is appropriating his property by proceedings *in invitum*, and it cannot shift upon him the burden of ascertaining that the proceedings are in motion. It must give him notice reasonably adapted to bring their pendency to his attention.

If the act of 1895 makes no provision for such notice, the attempted limitation is without effect.   Whether the failure of the limitation carries with it as an additional consequence a failure of the appropriation, we need not now decide.   It is possible that the limitation of time within which compensation for the private easements must be claimed, is so essential a part of the statutory scheme that if we blot out the limitation, we must blot out the appropriation with it.   (*Pollock* v. *Farmers' Loan & Trust Co.*, 158 U. S. 601, 635, 636.)   We may doubt whether the legislature would have been willing to sanction an automatic condemnation of private easements

through the mere filing of a map without setting some bounds to the flood of claims for real or fancied damages. We are not required to resolve these doubts in order to decide the case at hand. In any view, one or other of two conclusions must follow: either the bed of the old streets is still subject to the easements of abutting owners, or else, if the easements have been extinguished, the abutting owners retain their claim for compensation. Whichever conclusion is to be adopted, the commissioners had the right to find that the value of the fee was nominal. That the easements have been extinguished adds little, if anything, to the value of the fee if the right to compensation has survived, for, under section 6 of the act, the cost of extinguishing them must, to the extent of the resulting benefit, be assessed against the land within the boundaries of the streets. Such a liability would detract proportionately from the market value of the fee. The evidence would sustain a finding that an assessment adequate to compensate abutting owners for the loss of their private easements would, if imposed on the land within the lines of the old streets, make the value of the fee but nominal. If, therefore, it be assumed that the statute was intended to extinguish all easements, private as well as public, there is no error in the awards.

The order should be affirmed, with costs to the city of New York against the appellants Lowenstein, and with costs to the other respondents against the city of New York.

WILLARD BARTLETT, Ch. J., WERNER, HISCOCK, CHASE and MILLER, JJ., concur; HOGAN, J., concurs in result.

Order affirmed, etc.