(173 App. Div. 32)

### In re NEWTON AVE. IN CITY OF NEW YORK.

### In re VAN CORTLANDT.

(Supreme Court, Appellate Division, First Department. June 2, 1916.)

1. MUNICIPAL CORPORATIONS ⬩⟫657(5)—VACATION OF STREET—STATUTE— CHANGE OF GRADE—MAPS.

Upon the filing of a section of a map by the commissioner of street improvements, pursuant to Laws 1890, c. 545, as incidental to the closing of a road, which action was ratified by Laws 1896, c. 712, showing Broadway as bounding a triangular tract of land on the east, discontinuing a road, and involving the easements in the part of the road so shown to be discontinued appurtenant to the tract, the fact that the elevation of the continued street was not the same as the elevation of a then existing street, and that the change of grade was contemplated was immaterial; the material facts being that the map showed the continuance of the existing street, and that it was open and in use for the entire width when the map was filed.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 722, 1429; Dec. Dig. ⬩⟫657(5).]

2. CONSTITUTIONAL LAW ⬩⟫281—EMINENT DOMAIN ⬩⟫267—VACATION OF STREETS—EXTINGUISHMENT OF EASEMENT.

The Street Closing Act (Laws 1895, c. 1006), providing that, on the filing of an official map showing a discontinuance of streets, the abutting owners, after six years, shall lose their right to compensation for private easements so appropriated, is unconstitutional so far as the limitation of six years applies to cases in which the discontinued street has not been physically closed, on the ground that it contains no provision for notice to the owners of the easements.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 880; Dec. Dig. ⬩⟫281; Eminent Domain, Cent. Dig. §§ 717–724; Dec. Dig. ⬩⟫ 267.]

---

⬩⟫For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. MUNICIPAL CORPORATIONS ⬦⇒657(2)—STREET CLOSING ACT—CONSTITUTION-ALITY.

The Street Closing Act (Laws 1895, c. 1006), providing that on the filing of an official map showing a discontinuance of streets private easements shall be extinguished, is constitutional, when an open street in public use remains bounding the block at the time of the filing of the map, or when a street bounding the block is thereafter opened.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 722, 1429; Dec. Dig. ⬦⇒657(2).]

4. STATUTES ⬦⇒64(5)—PARTIAL INVALIDITY—EFFECT.

Such act may be sustained, notwithstanding the fact that the limitation of six years for filing claims for the extinguishment of private easements is inoperative, where the discontinued street is not actually closed, until such closing.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 62, 95; Dec. Dig. ⬦⇒64(5).]

5. EMINENT DOMAIN ⬦⇒288(1)—EXTINGUISHMENT OF EASEMENTS—CLAIM—TIME FOR FILING.

Where a road discontinued by the filing of a map remained open and in use, unobstructed, as a public road until August, 1914, when it was obstructed at the intersection of another street by the construction of such other street across it at an elevation, a claim for compensation for the extinguishment of easements incidental to its closing, presented within six years after its physical closing, was timely, within Street Closing Act (Laws 1895, c. 1006) § 5, providing for the filing of claims for damages within six years after the filing of a map showing such discontinued street, etc.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 783–787; Dec. Dig. ⬦⇒288(1).]

Page, J., dissenting.

Appeal from Special Term, New York County.

In a pending proceeding to open Newton avenue, the Special Term directed that the commissioners of estimate ascertain and determine the compensation to be made to Augustus Van Cortlandt, individually and as executor of Augustus Van Cortlandt, deceased, for the extinguishment of easements incident to the closing of Albany Post Road by the filing of section 25 of the Final Maps and Profiles of the Twenty-Third and Twenty-Fourth Wards of the City of New York on the 2d day of November, 1895, by the commissioner of street improvements pursuant to the provisions of chapter 545 of the Laws of 1890, and the acts amendatory thereof. From such order come cross-appeals by Augustus Van Cortlandt, individually and as such executor, and by the City of New York. Order affirmed.

Argued before CLARKE, P. J., and LAUGHLIN, DOWLING, PAGE, and DAVIS, JJ.

Philip B. La Roche, Jr., of New York City, for appellant.

Joel J. Squier, of New York City (John J. Kearney, of New York City, on the brief), for respondent city of New York.

LAUGHLIN, J.   The application to the court made on the 12th day of July, 1915, which resulted in the order from which both parties appeal, was made by Van Cortlandt pursuant to the provisions of section 14 of chapter 1006 of the Laws of 1895.   On the 2d day of No-

vember, 1895, the commissioner of street improvements of the Twenty-Third and Twenty-Fourth wards of the city of New York filed final maps and profiles of those wards pursuant to the provisions of chapter 545 of the Laws of 1890, and his action was ratified by chapter 712 of the Laws of 1896. Prior to that time a street, of late years known as Broadway, ran northerly from Kingsbridge through Yonkers, with a branch, then known as Albany Post Road, diverging westerly and southerly from a point 260.71 feet northerly of the present northerly line of West 254th street, joining Broadway again south of West 242d street. Section 25 of said final maps and profiles shows said Albany Post Road as discontinued from the northerly line of West 253d street to its junction with Broadway to the north. The easements, compensation for which is sought in this proceeding, were those in that part of Albany Post Road so shown as discontinued appurtenant to the triangular tract of land lying between the northerly junction of Albany Post Road and Broadway, and the northerly line of West 253d street as shown on said maps and profiles, and between Albany Post Road and Broadway. It is recited in the order that the court found as matter of law that the Albany Post Road between the points here involved became discontinued and closed, and all easements therein, both public and private, extinguished, on November 2, 1895, when said map was filed.

Van Cortlandt, individually and as executor, contends, and the city concedes, that the effect of the order is to require the commissioners of estimate to ascertain and determine the compensation as of the date of the filing of said final maps and profiles; but Van Cortlandt claims that this is erroneous, and he makes this claim on the ground that Albany Post Road was not legally discontinued until the actual grading and improvement of Broadway adjacent to the premises on November 26, 1910, and on that theory he claims that the compensation should be ascertained and determined as of that date. On other appeals relating to the extinguishment of easements in this part of Albany Post Road, in which the property owners are represented by the same counsel who represents Van Cortlandt on this appeal, other contentions are made with respect to the date on which the easements are to be deemed to have been extinguished, and in the points for Van Cortlandt on this appeal it is suggested that, if another date is fixed on the other appeals, that must be controlling here as well.

The city makes two contentions, as follows: First, that the easements appurtenant to. the premises in question in Albany Post Road have not yet been taken, and that the provisions of section 2 of chapter 1006 of the Laws of 1895, in so far as they provide that the mere filing of the map showing the discontinuance of a street, or the physical opening of a street shown thereon, operates as an appropriation of the private easements in the discontinued street, are unconstitutional, and that therefore Albany Post Road was not legally closed by the mere filing of the map, even though Broadway adjacent to the premises was open and in use as a public street, and that no damages can be awarded for such easements; and, second, that if Albany Post Road was legally discontinued and closed by the filing of the map, and the

easements extinguished, the right to compensation for the easements is barred by the failure to file a claim therefor within six years after the filing of said map, as provided in section 5 of said Act.

[1] Said section 25 of the final maps and profiles showed Broadway as bounding said triangular tract of land on the east. It is contended in behalf of Van Cortlandt that Broadway as shown on said map does not coincide, either with respect to its lines or grade, with the public street then and theretofore in use as a public highway known as Broadway; but it appears by the affidavit of the engineer in charge of the topographical bureau in the office of the president of the borough of the Bronx that the lines of Broadway as shown on said map do coincide with those of the existing street by that name. The contention of Van Cortlandt that the lines of Broadway as continued on the map are not the same as the lines of the then existing street is now abandoned; but he still contends that the elevation of the continued street is not the same as the elevation of the then existing street. This contention is predicated upon figures shown on said map indicating the elevation of the street above high water, which refer "to the bench mark at the eastern abutment of the northern approach to the Third Avenue bridge across the Harlem river," and upon an affidavit with respect to the improvement of Broadway made in the year 1909, which tends to show that the grade of the street was elevated about 15 feet in some places. The figures on said map to which reference has been made did not in and of themselves effect a change of the grade of the then existing street, and the fact that the grade was subsequently changed is immaterial. It is uncontroverted that the street was open and in use as a public street at the time the map was filed, and had been so open and in use since the year 1866, but part of the time under different names. The appellant Van Cortlandt relies upon Matter of City of New York (Juniper Avenue), 162 App. Div. 291, 147 N. Y. Supp. 631, in support of his contention that the existing street bounding the block must be shown on the map by the same dimensions and the same grade in order to constitute it a street "opened" within the contemplation of section 2 of said act; but in that case the street shown on the map was much wider than the existing street, and to the extent that it was wider the land had not been acquired and was not in use as a public street, and the grade of the street as shown on the map was several feet higher than the grade of the former street, part of which was continued. The majority opinion, holding that the fact that part of the old street was embraced within the lines of the new street was insufficient to show that the new street was *open,* referred both to the difference in width and the change of grade of the street. We are of opinion, however, that a contemplated change of grade is immaterial. The material facts are that the map shows the continuance of the existing street, and that it was open and in use for its entire width at the time the map was filed. It would be unreasonable to hold as is contended, in effect, in behalf of Van Cortlandt, that since the map indicates a contemplated change of grade for Broadway, that shows that the existing Broadway was discontinued and a new Broadway provided for. The contention, therefore, that

Broadway *as continued* or shown on the map was not an open street until the grade thereof was changed by the improvement completed on November 26, 1910, is untenable.

[2, 3] The contention of the city that if the statute be construed as extinguishing private easements by the mere filing of the map, if there remains bounding the block an open street, it is unconstitutional, is based upon the decision of the Court of Appeals in Matter of Grand Boulevard and Concourse, 212 N. Y. 538, 106 N. E. 631, in which it was held that the limitation of six years for filing claims was unconstitutional in so far, at least, as it applies to cases in which the discontinued street has not been physically closed, for the reason that it contains no provision for notice to the owners of the easements. Early in the application of this statute the city claimed that it was unconstitutional, but this court and the Court of Appeals held it to be constitutional. Matter of Mayor, 28 App. Div. 143, 52 N. Y. Supp. 588, affirmed 157 N. Y. 409, 52 N. E. 1126. And this court and the Court of Appeals have often since given force and effect to the provisions of the statute extinguishing private easements, when an open street in public use remained bounding the block at the time of the filing of the map, or when a street bounding the block was thereafter opened. Matter of Mayor, etc., of N. Y., 28 App. Div. 143, 52 N. Y. Supp. 588, affirmed 157 N. Y. 409, 52 N. E. 1126; Matter of Mayor, etc., of. N. Y. (Vanderbilt Ave.), 95 App. Div. 533, 88 N. Y. Supp. 769; Id., 119 App. Div. 882, 104 N. Y. Supp. 1133, affirmed 189 N. Y. 551, 82 N. E. 1133; Swain v. Schonleben, 130 App. Div. 521, 115 N. Y. Supp. 23, affirmed 198 N. Y. 622, 92 N. E. 1103; Matter of Mayor, etc., of N. Y. (Walton Ave.), 131 App. Div. 696, 116 N. Y. Supp. 471, affirmed 197 N. Y. 518, 90 N. E. 59; Matter of Walton Ave., 145 App. Div. 855, 130 N. Y. Supp. 378, affirmed 204 N. Y. 670, 98 N. E. 1118; Matter of Walton Ave., 156 App. Div. 775, 142 N. Y. Supp. 120, affirmed 209 N. Y. 571, 103 N. E. 1134. Moreover, if the statute were unconstitutional, it is manifest that easements could not be extinguished by proceedings thereunder; and yet, after the doubt was expressed with respect to the constitutionality of the statute in the opinion of the Court of Appeals in Matter of Grand Boulevard and Concourse, supra, that court, with that opinion drawn to its attention, took occasion to consider the scope and effect of said chapter 1006 of the Laws of 1895, for the benefit as expressed in the opinion, of property owners, the municipal authorities, and the legal profession, as if it were a valid and subsisting statute, without questioning its constitutionality, and held, reversing the decision of this court on the point, that private easements may lawfully be extinguished by proceedings under the statute. Barber v. Woolf, 167 App. Div. 627, 153 N. Y. Supp. 139, affirmed 216 N. Y. 7, 109 N. E. 868.

[4]. We are of opinion that the statute may be sustained, notwithstanding the fact that the limitation therein prescribed with respect to the time of filing claims must be deemed inoperative, in those cases where the discontinued street is not actually closed, until such closing, as was held in Matter of Grand Boulevard and Concourse, supra; and since the doubt with respect to its constitution-

ality was expressed by the Court of Appeals in that case, this court has, in effect, so held. Astor v. Thwaites, 170 App. Div. 624, 156 N. Y. Supp. 730. Van Cortlandt's claim was not filed until April 1, 1915.

[5] The city contends that if the statute effected an extinguishment of the easements at the time the map was filed, the claim is barred by the six-year limitation prescribed in section 5 of the Act. It appears, however, that the discontinued Albany Post Road remained open and in use and unobstructed as a public street until August 1, 1914, upon which date it was obstructed at the intersection of West 254th street therewith, by the construction of West 254th street across it at an elevation of about five feet. The claim, therefore, was presented within six years after the physical closing of the discontinued street, and under the decision of the Court of Appeals in Matter of Grand Boulevard and Concourse, supra, it was timely filed.

It follows that the order should be affirmed. Order filed.

CLARKE, P. J., and DOWLING and DAVIS, JJ., concur.

PAGE, J. The facts and contentions of the parties are fully stated in the opinion of Mr. Justice LAUGHLIN. I cannot concur in the result reached by him.

The title of the bed of the Albany Post Road at the place under consideration was vested in fee in the state of New York, subject to the easement of the public to travel thereupon, and to the easements of access, light, and air in the abutting property owners. In this proceeding we are only concerned with the easements of the abutting owner. The Albany Post Road was kept open and in general use as a highway until August 1, 1914, when by reason of the construction of West 254th street across it at an elevation of five feet it was physically closed. Coincident with this closing Newton avenue, a new street extending from 253d street and the Albany Post Road, was opened to public use and travel. The Court of Appeals has held:

"Under the Laws of 1895 (chapter 1006) the public easements * * * of light, air, and access are extinguished in a discontinued road or street when the new street is opened."

And they construed the word "opened," not in the technical meaning, as referring to the time when the city became vested with the title to the land upon which the street or avenue is to run, but in its popular sense as physically opened and capable of public use. Johnson & Co. v. Cox, 196 N. Y. 110, 118, 89 N. E. 454, 457. By the terms of the act of 1895 (chapter 1006), therefore, the easement of the abutting property owner was not appropriated until the Albany Post Road was physically obstructed and Newton avenue opened, and compensation should be awarded in this proceeding as of that date, namely August 1, 1914, and the order should be so modified, and, as modified, affirmed.

We are not concerned with the question of the extinguishment of private easements arising from grants, nor in the easements in

streets that have not been accepted by the public authorities, which has been the occasion of judicial differences in those cases set forth and discussed in Mr. Justice LAUGHLIN'S opinion.   Nor can any question of the constitutionality of the act of 1895 arise · in this case, for the reason that the act, as construed by the Court of Appeals, in so far as it relates to the cases of the character of the instant case, provides for an open and notorious appropriation of the right of access, and the time limitation has not been exceeded.