In the Matter of the Application of the CITY OF NEW YORK, Relative to Acquiring Title, etc., for the Opening of Newton Avenue, from West Two Hundred and Fifty-third Street to West Two Hundred and Sixtieth Street, etc.

In the Matter of the Application of URIAH HARRIS, for Damages by Reason of the Closing of a Public Highway Known as the Old Albany Post Road.

URIAH HARRIS, Appellant; GEORGIANNA S. TALLMAN and Others, Intervenors, Respondents.

First Department, May 31, 1918.

Municipal corporations — street opening, city of New York — when claimants to award for easements extinguished, claiming under conveyance of abutting lands, may intervene — procedure — award made to unknown owners — remedy of adverse claimants to award.

Where easements in a public street were extinguished by the filing of a map in a street opening proceeding in the city of New York and thereafter the heirs of the owner conveyed the abutting lands by full warranty deeds, the grantees holding through mesne conveyances, who claim that the consideration for the lands was paid upon the theory that the road was a still existing public street and that by the conveyance the grantor intended to convey the easements therein and that the purchase price was not only for the land actually conveyed but also for the easements which it was then supposed were continued, are entitled to intervene in the proceeding for the purpose of offering evidence with respect to the amount which should be awarded for the extinguishment of the easements.

But the right of such claimants to the award under said conveyance cannot be determined on petition and affidavits and the award should be made to unknown owners, leaving the claimants to the fund to assert their rights by an appropriate action or as provided by section 11 of chapter 1006 of the Laws of 1895, where the facts may be fully developed by common-law evidence.

APPEAL by the petitioner, Uriah Harris, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of October, 1917, and also from said order as resettled by an order entered in the office of the clerk of the county of Bronx on the 30th day of October, 1917, denying his

application, made under section 14 of chapter 1006 of the
Laws of 1895, for an order referring it to the commissioners
in this proceeding to determine the compensation that should
be made to him for the closing of the Albany Post road.

*Philip B. LaRoche, Jr.,* for the appellant.

*Benjamin Trapnell,* for the respondents.

LAUGHLIN, J.:

The appellant and others made like applications on the
25th day of May, 1915, which were denied and we affirmed the
orders. (*Matter of Newton Avenue (Harris),* 173 App. Div.
15.) In the former petitions petitioners alleged that the title
to the lands then owned by them bounding on the Albany
Post road on the east was in Mary Samler on the 2d day of
November, 1895, when a map of the territory was duly filed
showing streets to be continued and streets discontinued.
The principal contention made on the former appeal was that
the easements of the abutting owners were not extinguished by
the filing of the map and that they continued until the 1st day
of August, 1914, prior to which time the petitioners had
acquired title to the lots by descriptions bounding them on the
east by said Albany Post road. The Special Term and this
court held that all easements were extinguished on the 2d day
of November, 1895, by the filing of the map, but we also held,
overruling the contention made by the city, that the Statute of
Limitations had not run against the claims for awards, and a
similar decision made by this court at the same time in *Matter
of Newton Avenue (Van Cortlandt)* (173 App. Div. 32) was
affirmed by the Court of Appeals (219 N. Y. 399). On the
former appeal it appeared by the petitions that Mary Samler,
the owner of the easements at the time we decided they were
extinguished, remained the owner of all of the lots until 1904,
when she died intestate, and the petitioners claimed through
her heirs. Assuming those to be the facts, we held that the
claim for damages for the extinguishment of the easements
passed to her personal representatives and that only the title
to the land abutting on the former highway, divested of any
easements therein, passed to or could be conveyed by her heirs,
through whom the petitioners claimed, and that, therefore,

the petitioners did not succeed to the right to the awards for the easements which had been extinguished. It was also claimed by the appellants on the former appeal that the heirs of Mary Samler, who conveyed the lots after her death, were the same as her next of kin, and would, therefore, have been entitled to any surplus after the payment of the expenses of administration and her debts. We were of opinion that the proof of those facts was insufficient to sustain the right of the petitioners to recover the awards on that theory, even if the next of kin by joining in the conveyance as heirs could be deemed to have assigned to their grantees any right they had to damages for the extinguishment of the easements without any express assignment thereof, as to which there was no evidence.

It now appears by the present petition that Mary Samler never owned the premises and that at the time the easements were extinguished they were owned by the heirs of William Samler, who have intervened herein and appeared and opposed the motion and have obtained an order to intervene and prove the value of the easements the same as is now sought by appellant, and they are the sole respondents herein, as the city is indifferent as between the respective claimants. The respondents, as such heirs of William Samler, on the 10th day of September, 1909, conveyed the premises, now owned by the petitioner, and other premises abutting on the former highway, by full covenant warranty deeds bounding on said highway to one Hennessy, who took title for the Stuard Realty Company, which caused a map thereof to be prepared subdividing the premises into lots, some of which, including those now owned by the appellant, were shown as abutting on said former highway, and sold the same at public auction on the 5th day of October, 1909, pursuant to an advertisement which stated that the lots abutted on said highway. Hennessy and wife conveyed to the Stuard Realty Company by like description and covenants on the 19th of October, 1909, and that company conveyed to appellant by like description and with like covenants on the 3d of November, 1909. It now further appears by the petition that the petitioner was not aware of the filing of the map closing the highway and extinguishing the easements at the time he purchased; that the Albany Post

road had been a public road for nearly 200 years and continued in use and to all appearance an open public highway until after appellant acquired title, and was kept in repair by the public authorities as theretofore down to August 1, 1914, and that the appellant inspected the premises before purchasing and observed these to be the facts, and purchased believing that the Albany Post road was an existing public highway, and that the amount of his bid was determined on that theory, and in effect, that the successive grantors since the easements were so extinguished intended to convey the premises with the easements as if such easements had not been extinguished.

In our former opinion we stated the general rule, which is amply sustained by the authorities we cited, that a claim for compensation, which became substituted for the extinguished easement, would not pass by such a conveyance without an express assignment even though owned by the grantor. The appellant now, on the facts more fully presented, claims that the consideration paid by Hennessy on the purchase of the premises was based upon the theory that the Albany Post road was an existing public street and that by the conveyance to him it was intended to convey the easements therein, and that he intended to convey them to his grantee, and that the purchase price paid to it by the appellant was not only for the land actually conveyed, but also for the easements in the Albany Post road, which it was then supposed continued, and that, therefore, the petitioner is equitably entitled to the award to be made for such easements and he relies upon authorities tending to support his claim that where it was intended to convey title or easements the vendee *may* become equitably entitled to the award made therefor when it appears that the title or easements was extinguished before the conveyance. (*Drucker* v. *Manhattan Railway Co.*, 213 N. Y. 543; *Magee* v. *City of Brooklyn*, 144 id. 265; *Holloway* v. *Southmayd*, 139 id. 390; *Mott* v. *Eno*, 181 id. 346; *Matter of St. Nicholas Terrace*, 143 id. 621; *Ranscht* v. *Wright*, 9 App. Div. 108; *Schonleben* v. *Swain*, 130 id. 521; *Geiszler* v. *De Graaf*, 166 N. Y. 339; *Clarke* v. *Priest*, 21 App. Div. 177; *Simms* v. *City of Brooklyn*, 87 Hun, 35; *Gates* v. *De La Mare*, 142 N. Y. 307. See, also, Real Prop. Law [Consol. Laws, chap. 50; Laws of 1909, chap. 52], § 255.) The right to the award as

between the appellant and the respondents of course cannot be determined on the petition and affidavits, as it may depend on the facts and circumstances with respect to the apparent condition of the discontinued street at the time, and on the intention of the parties to the respective conveyances, nor should the question be now decided as to whether the covenants in the conveyances from Hennessy inured to the benefit of the appellant. We are of opinion, however, that the appellant has shown a sufficient claim of interest to entitle him under section 14 of chapter 1006 of the Laws of 1895 to intervene to the end that he may be afforded an opportunity to offer evidence, if so advised, with respect to the amount which should be awarded for the extinguishment of the easements and to have a separate award made with respect to the easements appurtenant to the lots which he now owns. The commissioners cannot decide the conflicting claims of title to the award, and, therefore, the award should be made to unknown owners and then the right thereto as between the appellant and the respondents may be decided in an appropriate action or as provided in section 11 of chapter 1006 of the Laws of 1895, where the facts may be fully developed by common-law evidence. (See, also, *Matter of City of New York* [*Public Park*], 136 App. Div. 654.)

The order, therefore, should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs payable by the respondents.

CLARKE, P. J., SMITH, PAGE and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.