Russell G. Hunt, J.
The petitioner, the Albany County Slipéfintéñdéhi of Tai Delinquencies, appeared at the ófflée of the respondents in Albany as. June 8,1982, pursuant to arrangements made between John H= Pennoek, Ssq., the Albany County Attorney, and the respondents, and in adcordanee therewith a representative of the respondents thereupon served a subpoena on the petitioner calling npen him “ to testify and give evidence as a witness at a private hearing ’’ that day, relative to the purchase of goods and supplies by the County of Albany. It appears that the petitioner testified under oath and gave evidence rela *3 live to Mi employment by the county hut when the subject of the examination turned to bis employment by the Albany County Democratic Committee objeetion was taken and answers were refused upon the ground that the subject was outside and beyond the scope of the subpoena and not pertinent to the matter under inquiry, The respondents deny that the petitioner answered questions relative to his county employment hut the former has refused to clarify the issue by producing the stenographic tram script of the hearing when called upon to do so. The statement on behalf of the petitioner will he taken as established, It is clear that the petitioner as a “ public officer and employee ” has notMng to do with county purchases of goods and supplies and there is no claim that be has, It is alleged too, on behalf of the petitioner, that there was demanded a copy of the respondents 5 resolution authorising the investigation (gee Oml Bights Daw, | 73, suhd. 2) but this was refused or not furnished, This is denied, also, on behalf ©f the respondents but the latter has refused to produce the stenographic transcript to clarify the issue, The respondents, also, have refused' to produce the authorising resolution,
It is contended by respondents that they have terminated the hearing, but, it does not appear that there has been a withdrawal of the questions to wMeh objection was taken, The threat of force and compulsion has not been downed and a motion to quash or modify is proper since there ig no alternative procedure by which to test the subpoena ?s' validity and the proceedings thereon without risking severe penalties for noneompliance.
Section 73 of the Civil Bights Daw in providing a “ Code of fair- procedure for investigating agencies ” prohibits the compulsory attendance and testimony of a witness unless he is given “ a general statement of the subject of the investigation,” To determine whether the questions asked were pertinent to the subject under inquiry, the obvious first step is to ascertain what that "subject is. The subpoena served on petitioner states that the subject concerned the conduct of public officers and public employees in the purchase of goods and supplies for the County of Albany and it <H desoend(ed) tq particulars5 (United States v. Cruickshank, 92 U. S. 542) when it specified that the inquiry related to the “ purchase and use” of goods and supplies, Since the petitioner has nothing to do with county purchases of goods and supplies it is plain that the respondents attempted to leave the line they had laid out in the subpoena, and, to engage on a 6< roving course?i (Carlisle v. Bennett, 268 N. Y. 212, 217) when it turned to the matter of the petitioner 5s employment with the Albany County Democratic Committee. In the *4 light of what is shown by the record herein it is demonstrated that the subject of the inquiry was changed from county purchases to one concerning “ Campaign receipts, expenditures .and contributions ” (Election Law, art. 13) in relation to the Albany County Democratic Committee. It is apparent, in the first instance, that the real purpose of the inquiry was not disclosed and thereunder the County Attorney’s co-operation was sought in arranging to produce the petitioner in his official capacity but as it developed, the examination concerned matters unofficial. There is the serious question of whether the respondents have exceeded the scope of the resolution authorizing the investigation (see Civil Rights Law, § 73, subd. 2); this, however, cannot be considered and passed upon so long as the respondents withhold it, although free to disclose.
Behind the statutory provisions respecting disclosure of the subject of the investigation and of the authorizing resolution is a recognition that investigating and law-enforcement methods are forbidden which offend a sense of justice and violate that fundamental fairness which is essential to the very concept of justice. Failure in this respect “violates the first essential of due process of law ” (Connally v. General Constr. Co., 269 U. S. 385, 391) under our Federal (5th and 14th Arndts.) and State (art. I, § 6) Constitutions. When he signed the bill which extended the life of the commission, Grovernor Rockefeller filed a memorandum dated April 13, 1962, criticizing the change in the law whereby only one member of the commission is required to be a lawyer and he recommended ‘ ‘ that the law be amended to provide that, at least two of its four members must be attorneys” and his stated reasons were as follows: “ For an investigating commission which conducts proceedings in which those suspected of criminal activity may testify, involving as this does questions of law relating to the right to counsel, self-incrimination and other matters of individual rights and criminal jurisprudence, it is imperative that the proceedings be conducted in strict compliance with law and with concepts of due process.” In this connection, Senate Majority Leader Mahoney said the respondents were “ a law enforcement operation ” in his public statement made December 22, 1961, upon profiling a bill extending respondents’ life — he referred to himself as “ one of the authors of the original legislation creating the Investigation Commission.”
The doctrine of the Fourteenth Amendment reached by the United States Supreme Court is ‘ ‘ nothing but the formulation in legal phraseology of that thing which every American so ardently desires, ‘ a square deal ’ ” (Abbott, Justice & the *5 Modern Law [1913] in Warren’s, The Supreme Court in United States History, vol. 2, p. 745; 1937). The obligation is to recognize, acknowledge and extend “ those fundamental principles of basic justice and fair play which underlie our entire system of jurisprudence ” (Matter of Hecht v. Monaghan, 307 N. Y. 461, 469). Due process of law is for the protection of the rights of individuals (Westervelt v. Gregg, 12 N. Y. 202, 209). Notice is a sine qua non (Matter of City of New York [Grand Blvd.], 212 N. Y. 538).
The statement of purpose contained in the subpoena has been used by the respondents to avoid disclosing the object of the inquiry. It does not comply with subdivision 2 of section 73 of the Civil Eights Law. It is quashed.